[Cite as *State v. Finklea*, 2019-Ohio-2199.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    29069 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| OLIVER FINKLEA | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR-2017-12-4295 |

DECISION AND JOURNAL ENTRY

Dated: June 5, 2019

CALLAHAN, Judge.

**{¶1}** Appellant, Oliver Finklea, appeals his conviction for domestic violence. This Court affirms.

I.

**{¶2}** On the morning of December 5, 2017, a woman in the Kenmore neighborhood of Akron witnessed an incident that she believed to be domestic violence involving a neighbor, T.P. An Akron police officer responded to the neighbor's 911 call and learned from T.P. that the suspect had grabbed her, torn her shirt, and slapped her. The suspect fled on foot, and T.P. identified Mr. Finklea, her fiancé, as the assailant. While searching the neighborhood, the officer located Mr. Finklea in the men's restroom in the public library, placed him under arrest, and transported him back to the scene of the incident. Another Akron police officer took a written statement from T.P. in which she identified Mr. Finklea as the assailant and described his conduct.

**{¶3}** Mr. Finklea was charged with domestic violence in violation of R.C. 2919.25(A), a third-degree felony when the offender has two or more previous convictions of domestic violence under R.C. 2919.25(D)(4).[1] Before trial, the State filed notice of its intention to introduce the victim's written statement in lieu of her testimony under Evid.R. 804(B)(6) because it anticipated that she would not appear in response to a subpoena as a result of Mr. Finklea's influence. The victim did not appear, and the trial court admitted her written statement along with a recorded phone call that Mr. Finklea made to her from jail after his arrest. Mr. Finklea represented himself at trial, and the jury found him guilty of domestic violence. The trial court sentenced him to three years in prison. Mr. Finklea appealed, and his three assignments of error are rearranged for purposes of discussion.

II.

### ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT ALLOWED THE READING INTO THE RECORD OF A RECORDED STATEMENT OF THE VICTIM IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 6TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

**{¶4}** In his first assignment of error, Mr. Finklea argues that the trial court erred by permitting the State to read the victim's written statement into the record at trial. Specifically, Mr. Finklea argues that the State did not prove that the victim was "unavailable" for purposes of Evid.R. 804(A), that her failure to appear was not a result of his wrongdoing under Evid.R. 804(B)(6), and that admission of the statement violated his rights under the Confrontation Clause of the United States Constitution. This Court disagrees.

---

[1] R.C. 2919.25 was amended effective March 22, 2019, by the Reagan Tokes Law, Am.Sub.S.B. No. 201, 2018 Ohio Laws 157. Those changes are not at issue in this appeal.

{¶5} Although hearsay evidence is not generally admissible, it may be admitted when provided for by the rules of evidence. *See* Evid.R. 802. Under Evid.R. 804(B)(6), an out-of-court statement is admissible when a witness is unavailable as a result of wrongdoing by the party against whom the statement is offered. This Court reviews the decision to admit statements under Evid.R. 804(B)(6) for an abuse of discretion. *See State v. Hand*, 107 Ohio St.3d 378, 2006-Ohio-18, ¶ 92, citing *State v. Sage*, 31 Ohio St.3d 173 (1987), paragraph two of the syllabus, and *State v. Landrum*, 53 Ohio St.3d 107, 114 (1990).[2] An abuse of discretion is present when a trial court's decision ""'"is contrary to law, unreasonable, not supported by evidence, or grossly unsound."'"" *State v. A.V.*, 9th Dist. Lorain No. 18CA011315, 2019-Ohio-1037, ¶ 6, quoting *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8, quoting *Tretola v. Tretola*, 3d Dist. Logan No. 8-14-24, 2015-Ohio-1999, ¶ 25.

{¶6} One circumstance that renders a declarant "unavailable" for purposes of Evid.R. 804 exists when the declarant "is absent from the hearing and the proponent of the declarant's statement has been unable to procure the declarant's attendance * * * by process or other reasonable means." Evid.R. 804(A)(5). The proponent of the evidence has the burden of demonstrating unavailability. *State v. Keairns*, 9 Ohio St.3d 228, 231-232 (1984). "[A]s a predicate to the introduction of hearsay against a defendant in a criminal prosecution, the Confrontation Clause normally requires a showing that the hearsay declarant is unavailable despite reasonable efforts made in good faith to secure his presence at trial." *Id*. at 230. Unless

---

[2] In *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, ¶ 97, the Ohio Supreme Court applied a de novo standard of review. The case upon which the Supreme Court relied in doing so, however, clarifies that rulings based on evidentiary rules are reviewed for an abuse of discretion, but decisions involving application of the Confrontation Clause are reviewed de novo. *See U.S. v. Henderson*, 626 F.3d 326, 333 (6th Cir.2010). *See also State v. Miller*, 9th Dist. Lorain No. 14CA010556, 2016-Ohio-4993, ¶ 12, 19.

the party against whom an out-of-court statement is offered concedes that the witness is "unavailable," the proponent of the statement must demonstrate unavailability based on testimony that describes the efforts made to secure the witness's attendance. *Id.* at 231-232 and paragraph three of the syllabus. When a defendant does not affirmatively concede the unavailability of a witness but also fails to object on the grounds that the State has not demonstrated unavailability as provided by *Keairns*, that argument is forfeited for purposes of appeal. *State v. Wright*, 1st Dist. Hamilton No. C-150715, 2017-Ohio-1568, ¶ 25-27.

{¶7} On March 26, 2018, the State filed notice of its intention to introduce an out-of-court statement made by T.P. under Evid.R. 804(B)(6). During a pretrial conference on March 30, 2018, the State reiterated this intention, representing that the assistant prosecuting attorney had been "personally * * * informed" that T.P. was not going to appear at trial. Mr. Finklea objected that the State had not timely served the notice and maintained that his wrongdoing was not the cause of T.P.'s absence. While Mr. Finklea did not affirmatively concede that T.P. was unavailable for trial, the assumption that she would refuse to testify despite being subpoenaed was implicit in his comments. Mr. Finklea did not voice any objections before the State proceeded to introduce evidence of his wrongdoing under Evid.R. 804(B)(6) at trial. Mr. Finklea did not object on either occasion that the State failed to demonstrate that T.P. was unavailable, and he has forfeited all but plain error for purposes of appeal. *See Wright* at ¶ 25-27. Mr. Finklea has not argued plain error, and this Court declines to construct a plain error argument on his behalf. *See State v. Rivera*, 9th Dist. Lorain No. 18CA011263, 2019-Ohio-62, ¶ 24.

{¶8} Mr. Finklea's second argument is that the trial court erred by determining that T.P. failed to appear as a result of his wrongdoing under Evid.R. 804(B)(6). In order to admit statements under the forfeiture-by-wrongdoing exception, the State must demonstrate by a

preponderance of the evidence that wrongdoing by the defendant caused the witness's unavailability and that obtaining the unavailability of the witness was one purpose for the wrongdoing. *McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, at ¶ 96, citing *State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, ¶ 106*, and *Hand*, 107 Ohio St.3d 378, 2006-Ohio-18, at ¶ 84. *See also Giles v. California*, 554 U.S. 353, 361 (2008). The wrongdoing at issue need not be a criminal act. *State v. Austin*, 7th Dist. Mahoning No. 16 MA 0068, 2019-Ohio-1185, ¶ 35, citing 2001 Staff Note, Evid.R. 804(B)(6) and *Giles* at 374. Consequently, the act of pressuring a witness not to testify may constitute wrongdoing for purposes of Evid.R. 804(B)(6). *See State v. Miller*, 2016-Ohio-4993 ¶ 16. *See also State v. Harper*, 6th Dist. Lucas No. L-15-1310, 2017-Ohio-1395, ¶ 30.

{¶9} In support of the position that T.P.'s out-of-court statement was admissible, the State introduced the recording of a call placed by Mr. Finklea from the Summit County Jail after his arrest, on December 9, 2017. In that call, Mr. Finklea repeatedly encouraged T.P. to tell the police that they had not been in a relationship and that he did not live with her. When T.P. recalled that Mr. Finklea had smacked her, he consistently recharacterized his behavior, emphasizing that anything that could be considered domestic violence would be his third offense. Throughout the phone call, he pleaded with T.P. to prepare an affidavit that would contradict her written statement and insisted that she refuse to come to any court appearances.

{¶10} Mr. Finklea maintains that this was insufficient to demonstrate forfeiture by wrongdoing because T.P. testified during grand jury proceedings after the conversation occurred. It appears from the record that T.P. did, in fact, do so—and that in doing so, she changed her allegations against Mr. Finklea. The fact that she testified before the grand jury in that manner, however, is not inconsistent with the State's position that T.P. followed Mr. Finklea's instruction

not to testify once he had been indicted. Mr. Finklea also suggests that T.P.'s failure to respond to the trial subpoena can be attributed not to his conduct, but to the fact that the State threatened to charge her with perjury. Mr. Finklea voiced this theory before trial, but there is no evidence in the record that would substantiate his suspicions.

{¶11} The State was required to prove by a preponderance of the evidence that Mr. Finklea's wrongdoing caused T.P. to be unavailable for trial and that one purpose of his action was to obtain that result. *See McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, at ¶ 96, citing *Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, at ¶ 106 and *Hand*, 107 Ohio St.3d 378, 2006-Ohio-18, at ¶ 84. "A preponderance of the evidence is defined as the measure of proof that convinces the judge that 'the existence of the fact sought to be proved is more likely than its nonexistence.'" *State v. Henderson*, 7th Dist. Mahoning No. 16 MA 0057, 2018-Ohio-5124, ¶ 25, citing *State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, ¶ 54. In this case, the State demonstrated that it was more likely than not that Mr. Finklea pressured T.P. with the purpose to persuade her to avoid testifying in future hearings and that his actions accomplished that purpose when she refused to appear for trial. *See Henderson* at ¶ 32. The trial court did not abuse its discretion by determining that T.P.'s out-of-court statement to police was admissible under Evid.R. 804(B)(6) on that basis.

{¶12} Mr. Finklea's final argument in support of his first assignment of error is that the admission of T.P.'s statement violated his rights under the Confrontation Clause. The doctrine of forfeiture by wrongdoing, however, "'extinguishes confrontation claims on essentially equitable grounds.'" *Davis v. Washington*, 547 U.S. 813, 833 (2006), quoting *Crawford v. Washington*, 541 U.S. 36, 62 (2004). "That is, one who obtains the absence of a witness by wrongdoing forfeits the constitutional right to confrontation." *Davis* at 833. *See also Hand* at ¶

107. Mr. Finklea, therefore, forfeited his confrontation rights by engaging in wrongdoing with the purpose of obtaining T.P.'s unavailability at trial. *See Miller*, 2016-Ohio-4993, at ¶ 21.

{¶13} Mr. Finklea's first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 3

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT REFUSED TO ALLOW MR. FINKLEA TO READ INTO THE RECORD THE PRIOR TESTIMONY OF THE VICTIM IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 6TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 1, 10 & 16 OF THE OHIO CONSTITUTION.

{¶14} Mr. Finklea's third assignment of error argues that the trial court erred by refusing to allow him to read T.P.'s grand jury testimony into the record. Specifically, Mr. Finklea maintains that because T.P. was unavailable for purposes of Evid.R. 804(A)(5) due to the State's conduct, her grand jury testimony is admissible as an exception to the hearsay rule under Evid.R. 804(B)(1). This Court disagrees.

{¶15} In connection with the State's request to introduce T.P.'s prior statement to police, the trial court concluded that she was unavailable for purposes of Evid.R. 804(A)(5) and that her unavailability was caused by Mr. Finklea's wrongdoing, as provided by Evid.R. 804(B)(6). As set forth above, the trial court did not abuse its discretion in making this determination. Consequently, Mr. Finklea's argument regarding T.P.'s grand jury testimony is resolved by application of the plain language of Evid.R. 804(A): "[a] declarant is not unavailable as a witness if the declarant's * * * absence is due to the procurement or wrongdoing of the proponent of the declarant's statement for the purpose of preventing the witness from attending or testifying." With respect to Mr. Finklea as the proponent of introducing T.P.'s grand jury testimony, T.P. was not "unavailable" for purposes of Evid.R. 804(A), and none of the hearsay

exceptions set forth in Evid.R. 804(B) are applicable. The trial court did not err by excluding the grand jury testimony.

{¶16} Mr. Finklea's third assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED TO THE PREJUDICE OF [MR. FINKLEA] BY IMPOSING THE MAXIMUM SENTENCE BASED UPON FACTS NOT CONTAINED IN THE RECORD AND THE TRIAL COURT'S FAILURE TO CONSIDER R.C. 2929.12, IN VIOLATION OF MR. FINKLEA'S RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

{¶17} In his second assignment of error, Mr. Finklea argues that the trial court erred by sentencing him to the maximum prison sentence of three years.

{¶18} This Court may modify or vacate a felony sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. With respect to maximum sentences, a trial court has "full discretion to impose a prison sentence within the statutory range" and is "no longer required to make findings or give * * * reasons for imposing maximum, consecutive, or more than the minimum sentences." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus.[3]

{¶19} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on

---

[3] The Reagan Tokes Law, Am.Sub.S.B. No. 201, 2018 Ohio Laws 157, effective March 22, 2019, made substantive amendments to Ohio's felony sentencing statutes with respect to felonies of the first and second degree committed after the effective date of the amendments. Those changes are not at issue in this appeal.

state or local government resources." R.C. 2929.11(A). Trial courts have discretion in fashioning felony sentences with consideration for the factors provided in R.C. 2929.12(B)-(F). R.C. 2929.12(A). "R.C. 2929.12(B) includes factors that suggest that the offense is more serious. R.C. 2929.12(C) includes factors suggesting the offense is less serious. The recidivism factors—factors indicating an offender is more or less likely to commit future crimes—are set forth in R.C. 2929.12(D) and (E)." *State v. Thrasher*, 9th Dist. Summit No. 27547, 2015-Ohio-2504, ¶ 5.

**{¶20}** Mr. Finklea does not dispute that his sentence is within the permissible range for domestic violence when it is a third-degree felony, as in this case. *See* R.C. 2919.25(D)(4); R.C. 2929.14(A)(3)(b). Instead, he has argued that the trial court did not explicitly mention that it had considered the seriousness and recidivism factors and that the record does not support the sentence that the trial court imposed.

**{¶21}** Trial courts need not make findings or explain their rationale for imposing maximum sentences, however. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, at paragraph three of the syllabus. A trial court is presumed to have considered the factors set forth in R.C. 2929.12 even when the record does not contain an explicit statement to that effect. *State v. Sapper*, 9th Dist. Summit No. 28696, 2018-Ohio-570, ¶ 7, quoting *State v. Steidl*, 9th Dist. Medina No. 10CA0025-M, 2011-Ohio-2320, ¶ 13, quoting *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 18 fn. 4.

**{¶22}** With respect to Mr. Finklea's argument that the record does not support the sentence that the trial court imposed, this Court notes that our review is constrained by the fact that the presentence investigation report is not part of the record on appeal. When an appellant does not provide a complete record to facilitate our review, we must presume regularity in the

trial court's proceedings and affirm. *State v. Jalwan*, 9th Dist. Medina No. 09CA0065-M, 2010-Ohio-3001, ¶ 12, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). Consequently, when the contents of a presentence investigation report are necessary to review the appropriateness of a sentence, an appellant must move to supplement the record on appeal with the report to enable our review. *See State v. Banks*, 9th Dist. Summit No. 24259, 2008-Ohio-6432, ¶ 14.

{¶23} Mr. Finklea's attorney obtained leave from this Court to supplement the record with the presentence investigation, and this Court's order provided that "[Mr. Finklea] may supplement the record by instructing the Probation Department to transmit the report to the appellate clerk's office under seal." The record does not reflect that Mr. Finklea ever did so, and the transcript of his brief sentencing hearing does not permit a review of the evidence that the trial court considered apart from the certified records of his prior convictions that were admitted at trial. Because his second assignment of error requires this Court to consider the evidence related to the trial court's sentencing decision, we must therefore presume regularity and affirm.

{¶24} Mr. Finklea's second assignment of error is overruled.

### III.

{¶25} Mr. Finklea's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

LYNNE S. CALLAHAN
FOR THE COURT


TEODOSIO, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

PAUL M. GRANT, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.