[Cite as *State v. Kepling*, 2020-Ohio-6888.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,             CASE NO. 5-20-23

    v.

JONATHON A. KEPLING,           O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2019 CR 372

**Judgment Affirmed**

Date of Decision: December 28, 2020

APPEARANCES:

    *Emil G. Gravelle, III* **for Appellant**

    *Phillip A. Riegle* **for Appellee**

Case No. 5-20-23

**WILLAMOWKSI, J.**

{¶1} Defendant-appellant Jonathon A. Kepling ("Kepling") appeals the judgment of the Hancock County Court of Common Pleas, asserting that R.C. 2971.271 ("the Reagan Tokes Law")[1] (1) runs afoul of the separation of powers and (2) violates the constitutional due process rights of defendants. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On September 10, 2019, Kepling was indicted on one count of felonious assault in violation of R.C. 2903.11(A)(1) and one count of endangering children in violation of R.C. 2919.22(B)(1). Doc. 1. On March 4, 2020, Kepling pled guilty to one count of felonious assault. Doc. 27. The second count of the indictment was subsequently dismissed. Doc. 33. On April 14, 2020, Kepling filed a motion requesting the trial court not to follow the Reagan Tokes Law at sentencing, alleging that this enactment was unconstitutional. Doc. 32. Specifically, Kepling argued that the Reagan Tokes Law violated the constitutional separation of powers and also violated the constitutional due process rights of subject inmates. Doc. 32.

{¶3} On April 29, 2020, Kepling appeared before the trial court for sentencing. Tr. 1. At the commencement of this hearing, the trial court first

---

[1] The General Assembly passed S.B. 201 in 2018. Am. Sub. S.B. No. 201, 2018 Ohio Laws 157. Known as the "Reagan Tokes Law," this act "made substantive amendments to Ohio's felony sentencing statutes with respect to felonies of the first and second degree * * *." *See State v. Finklea*, 9th Dist. Summit No. 29069, 2019-Ohio-2199, fn. 3. The Reagan Tokes Law took effect on March 22, 2019. *Id. See* R.C. 2967.271.

considered the constitutional arguments against the Reagan Tokes Law. Tr. 41. The trial court then denied Kepling's motion, which challenged the constitutionality of the Reagan Tokes Law. Doc. 34. On April 30, 2020, the trial court issued a judgment entry of sentencing. Doc. 34. Pursuant to the Reagan Tokes Law, the trial court ordered Kepling to "serve an indefinite prison term with a minimum definite term of four (4) years and an indefinite maximum term of six (6) years * * *." Doc. 34.

{¶4} The appellant filed his notice of appeal on May 28, 2020. Doc. 40. On appeal, Kepling raises the following two assignments of error:

### First Assignment of Error

**As amended by the Reagan Tokes Law, the Revised Code's indefinite sentences for first and second-degree qualifying felonies violates the Doctrine of Separation of Powers inherent in the Constitutions of the United States and the State of Ohio.**

### Second Assignment of Error

**As amended by the Reagan Tokes Law, the Revised Code's indefinite sentences for first and second-degree qualifying felonies violates the Due Course of Law Clause of the Ohio Constitution and the Due Process Clause of the United States Constitution.**

Against the State's contrary assertions, Kepling maintains that these two arguments against the constitutionality of the Reagan Tokes Law are ripe for consideration.

*First Assignment of Error*

**{¶5}** Kepling argues that the Reagan Tokes Law violates the doctrine of the separation of powers, alleging that this provision allows the executive branch to exercise judicial powers.

Legal Analysis

**{¶6}** Recently, this Court, in *State v. Hacker*, heard a facial challenge to the constitutionality of the Reagan Tokes Law in which the appellant raised the same separation of powers arguments that Kepling asserts in the appeal presently before us. *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 7. In *Hacker*, we followed the Second and Twelfth District Courts of Appeal in concluding that the Reagan Tokes Law did not run afoul of the separation of powers and, in so doing, implicitly determined that this issue was ripe for review. *Id*. at ¶ 23. *See State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150, ¶ 32; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, ¶ 17.[2]

**{¶7}** We decline to revisit our prior decision in *Hacker* and herein apply the holding of this precedent to the facts of the case presently before us. *See State v. Morris*, 12th Dist. Butler No. CA2019-12-205, 2020-Ohio-4103, ¶ 10. Thus,

---

[2] We are aware that the Fifth and Sixth Districts found that separation of powers and due process arguments that are similar to those raised by Kepling in this appeal were not yet ripe for review. *See State v. Downard*, 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227, ¶ 5, 12-13; *State v. Velliquette*, 6th Dist. Lucas No. L-19-1232, 2020-Ohio-4855, ¶ 30. However, in *Hacker*, this Court followed the Second District's decision in *State v. Barnes* and considered these constitutional arguments. *Hacker, supra*, at ¶ 22, citing *Barnes, supra*, at ¶ 36. Thus, this Court has joined the Second and Twelfth Districts in implicitly finding that these arguments were ripe for review. *Barnes, supra*, at ¶ 32; *Guyton, supra*, at ¶ 17.

Case No. 5-20-23

following *Hacker*, we conclude that Kepling's arguments regarding the separation of powers are without merit. *Hacker* at ¶ 18-23. *See Barnes* at ¶ 32; *Guyton* at ¶ 17. *See also State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592, ¶ 15. As such, Kepling's first assignment of error is overruled.

*Second Assignment of Error*

{¶8} Kepling next argues that the Reagan Tokes Law is unconstitutional because its provisions do not expressly provide protections for the basic procedural due process rights of notice and the opportunity to be heard.

Legal Standard

{¶9} "In order to be justiciable, a controversy must be ripe for review." *State v. Loving*, 180 Ohio App.3d 424, 2009-Ohio-15, 905 N.E.2d 1234, ¶ 4, quoting *Keller v. Columbus*, 100 Ohio St.3d 192, 2003-Ohio-5599, 797 N.E.2d 964, ¶ 26.

> **Ripeness 'is peculiarly a question of timing.' *Regional Rail Reorganization Act Cases* (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 357, 42 L.Ed.2d 320, 351. The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *." *Abbott Laboratories v. Gardner* (1967), 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691. * * *.**
>
> **"The basic principle of ripeness may be derived from the conclusion that 'judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant**

-5-

> **foretells legal injury to the plaintiff."** **Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum. L.Rev. 867, 876.**

*State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, 89, 694 N.E.2d 459, 460 (1998). "A claim is not ripe for our consideration if it rests on contingent future events that may not occur as anticipated or may never occur at all." *Loving* at ¶ 4, citing *Texas v. U.S.*, 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998).

Legal Analysis

{**¶10**} In this assignment of error, Kepling puts forward two main classes of arguments to establish that the procedural due process rights of offenders subject to the Reagan Tokes Law are violated. In the first class of arguments, Kepling argues that the text of the Reagan Tokes Law does not provide sufficient procedural due process protections for subject offenders. In the second class of arguments, Kepling argues that his due process rights are not guaranteed protection in the future and may be violated by the ODRC. We will consider each of these two classes of arguments in turn.

{**¶11**} To address this first class of arguments, we return to our prior decision in *State v. Hacker, supra,* at ¶ 18. In *Hacker*, the appellant raised a facial challenge to the Reagan Tokes Law, contending that this statute

> **does not provide him adequate notice of the conduct that triggers [the Ohio Department of Rehabilitation and Corrections] ODRC to maintain the offender's incarceration after the expiration of the**

> **offender's minimum prison term and it does not provide a structure as to the hearing to rebut the presumption established under division (B).**

*Id*. at ¶ 18. After reviewing these arguments, this Court found that Hacker had not carried the burden of establishing "that the Reagan Tokes Law is unconstitutional on its face * * *." *Id*. at ¶ 23. Thus, this Court determined that Hacker had not, by alleging that the text of the Reagan Tokes Law did not provide sufficient due process protections to subject offenders, demonstrated that this statutory scheme was violative of the constitutional due process rights of offenders. *Id*. Further, in rendering this decision, this Court also implicitly determined that this facial constitutional challenge was ripe for review. *Id*.

{¶12} Turning to the case presently before this Court, Kepling similarly argues that the Reagan Tokes Law is constitutionally deficient because it does not provide adequate procedural due process protections. Inasmuch as Kepling raises a facial challenge to the Reagan Tokes Law by alleging that the text of this provision does not contain sufficient procedural safeguards, we rely on our prior holding in *Hacker*. *Hacker, supra*, at ¶ 23. *See also State v. Leet, supra*, at ¶ 19 (holding that the "Reagan Tokes [Law] does not facially violate a defendant's right to procedural due process."). Thus, following *Hacker*, we find that the first class of arguments raised under this assignment of error are without merit. *Id*.

{¶13} In his second class of arguments, Kepling goes beyond the actual content of the Reagan Tokes Law and argues that his constitutional due process

rights to notice and an opportunity to be heard are not adequately protected. As part

of this argument, Kepling states the following:

> **Even if the state argues that administrative rules *could* be put in place to fix these defects, the administrative rules *could* be modified at any time to undo the fixes because the Revised Code fails to ensure due process is protected.**

(Emphasis added.) Appellant's Brief, 15. The conjectural nature of this argument,

which challenges the constitutionality of the Reagan Tokes Law as applied to this

situation, is apparent. Kepling asserts that his due process rights might not be

properly protected at some future date or that proper administrative guidelines may

not be in place at that time.

{¶14} However, at this point, we cannot even determine whether the ODRC

will ever have occasion to hold a hearing to determine whether Kepling should be

held beyond his presumptive release date. Similarly, we cannot now determine

whether the ODRC will provide Kepling with adequate notice and an opportunity

to be heard if a hearing to hold Kepling beyond his presumptive release date is ever

held. Further, as the appellant notes in his brief, we also cannot now know what

administrative protections will be in place in the future to guide the ODRC.

{¶15} This second class of arguments "rests on contingent future events that

may not occur as anticipated or may never occur at all." *Loving* at ¶ 4. For this

reason, we conclude that the arguments that Kepling raises on appeal that do not

raise a facial challenge to the Reagan Tokes Law are not yet ripe for consideration.

We, therefore, decline to review this second class of arguments at this time.[3] Thus, Kepling's second assignment of error is overruled.

*Conclusion*

{¶16} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Hancock County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**PRESTON and ZIMMERMAN, J.J., concur.**

**/hls**

---

[3] The State argues that Kepling is, in effect, seeking a declaratory judgment such that R.C. 2721.12(A) applies. Appellee's Brief, 9. R.C. 2721.12(A) requires a party that is challenging a statute as unconstitutional in a declaratory action to notify the Ohio Attorney General's Office. R.C. 2721.12(A). *See State v. Mutter*, 171 Ohio App.3d 563, 2007-Ohio-1052, 871 N.E.2d 1264, ¶ 2 (2d Dist.). *See also Cleveland Bar Assn. v. Picklo*, 96 Ohio St.3d 195, 2002-Ohio-3995, 772 N.E.2d 1187, ¶ 7. However, having found that these due process issues are largely not ripe for review, we need not determine whether Kepling is, in fact, seeking declaratory relief. Further, the question of whether Kepling complied with the notification requirements of R.C. 2721.12(A) is similarly not at issue.