**[Cite as *State v. Floyd*, 2021-Ohio-1935.]**

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO. 9-20-44

    v.

TRAVON DUPREY FLOYD,              O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 2020 CR 0175

**Judgment Affirmed**

Date of Decision: June 7, 2021

APPEARANCES:

    *W. Joseph Edwards* for Appellant

    *Nathan R. Heiser* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Travon Duprey Floyd ("Floyd"), appeals the November 18, 2020 judgment of the Marion County Court of Common Pleas, journalizing his conviction after pleading guilty to two counts of second-degree felony trafficking in fentanyl, with forfeiture specifications, and sentencing him to an aggregate indefinite prison term of 10 to 12 ½ years. On appeal, Floyd assigns error to the trial court's imposition of consecutive sentences and challenges the constitutionality of the indefinite sentencing provisions contained in the Reagan Tokes Law.

*Procedural History*

{¶2} On June 3, 2020, the Marion County Grand Jury returned a six-count indictment against Floyd alleging that he committed Counts One and Four, trafficking in fentanyl, in violation of R.C. 2925.03(A)(1),(C)(9), both felonies of the third degree; Counts Two and Three, trafficking in fentanyl, in violation of R.C. 2925.03(A)(1),(C)(9), both felonies of the second degree; Count Five, trafficking in fentanyl, in violation of R.C. 2925.03(A)(2),(C)(9), a felony of the first degree; and Count Six, possession of fentanyl, in violation of R.C. 2925.11(A),(C)(11), a felony of the first degree. The indictment specified that Counts Five and Six carried with them an additional specification alleging Floyd to be a Major Drug Offender. In addition, the indictment stated that a forfeiture specification was attached to each of

the six counts for certain property found in Floyd's possession and for which the State believed he may have an ownership interest—to wit: $10,200 in cash and a gold necklace and charm. The indictment alleged that this property represented proceeds from Floyd's commission of the stated offenses. Upon arraignment, Floyd entered pleas of not guilty to the charges.

{¶3} On July 17, 2020, Floyd filed a Motion to Strike Indefinite Sentencing Provisions of Senate Bill 201 (Reagan Tokes Act) as Unconstitutional, alleging that the indefinite sentencing provisions enacted as part of the Reagan Tokes Law are unconstitutional because they violate the separation of powers doctrine and deprive him of his right to a jury trial and other procedural due process safeguards. The State filed a response opposing Floyd's motion.

{¶4} On September 24, 2020, Floyd withdrew his previously tendered not guilty pleas and entered guilty pleas to Counts Two and Three, trafficking in fentanyl, in violation of R.C. 2925.03(A)(1),(C)(9), both felonies of the second degree and both with forfeiture specifications. Notably, Floyd preserved his constitutional objection to the indefinite sentencing provisions upon entering his guilty pleas. In exchange for Floyd's guilty pleas, the State elected to dismiss the remaining counts and specifications listed in the indictment, and recommended a sentence of 12 to 16 years in prison.

{¶5} On October 29, 2020, the trial court issued a judgment entry denying Floyd's motion, relying upon the reasons stated by this Court's decision in *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, in which we rejected a facial challenge to the indefinite sentencing provisions in the Reagan Tokes Law, upholding them as constitutionally valid.

{¶6} On November 18, 2020, Floyd appeared for sentencing. The trial court imposed upon Floyd for each of the two counts a mandatory indefinite sentence of a minimum prison term of five years and a maximum prison term of up to 7 ½ years. The trial court ordered the prison terms to run consecutively for an aggregate indefinite sentence of 10 to 12 ½ years in prison. The trial court further ordered that the $10,200 in cash and the gold necklace and charm be forfeited to law enforcement.

{¶7} It is from this judgment entry of conviction and sentence that Floyd now appeals, asserting the following assignments of error.

### ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED IN IMPOSING A PRISON TERM CONSECUTIVE TO ANOTHER PRISON TERM BECAUSE THERE WAS AN INSUFFICIENT FINDING THAT THE SENTENCE WAS NOT DISPROPORTIONATE TO ANY DANGER THE DEFENDANT MAY POSE TO THE PUBLIC AND THE TRIAL COURT FAILED TO IDENTIFY SPECIFIC REASONS IN SUPPORT OF ITS FINDING THAT CONSECUTIVE SENTENCES WERE APPROPRIATE.**

## ASSIGNMENT OF ERROR NO. 2

**THE INDEFINITE SENTENCING PROVISIONS OF SENATE BILL 201 (REAGAN TOKES ACT) VIOLATED APPELLANT'S RIGHTS UNDER THE OHIO AND FEDERAL CONSTITUTION AS IT APPLIES TO THE ABILITY OF THE OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS (DRC) TO INCREASE HIS SENTENCE.**

*First Assignment of Error*

{¶8} In his first assignment of error, Floyd asserts that that trial court erred in imposing consecutive sentences because the trial court failed to state with specificity the facts supporting its findings under R.C. 2929.14(C)(4). Floyd also contends that the record does not support the trial court's consecutive sentencing findings.

*Legal Authority*

{¶9} To the extent that Floyd is attempting to challenge the overall length of his aggregate sentence under R.C. 2929.11, the Supreme Court of Ohio has clarified that R.C. 2929.11 and 2929.12 do not apply to consecutive-sentencing review. *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, ¶ 17. Rather, appellate review of consecutive sentences is limited to R.C. 2929.14(C)(4), as stated in R.C. 2953.08(G)(2)(a). *Id.* Accordingly, we cannot review the aggregate length of Floyd's consecutive sentences under R.C. 2929.11 and the issue of consecutive sentences is limited to appellate review under R.C. 2929.14(C)(4).

{¶10} Revised Code section 2929.14(C)(4) provides as follows:

> **If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:**
>
> **(a)   The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**
>
> **(b)   At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**
>
> **(c)   The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

{¶11} The statute requires the trial court to make three statutory findings before imposing consecutive sentences. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, ¶ 252; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 26. Specifically, the court must find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public; and (3) R.C. 2929.14(C)(4)(a),

(b), or (c) is applicable. *Beasley* at ¶ 252. "[T]he trial court must make the requisite findings *both* at the sentencing hearing and in the sentencing entry." (Emphasis in original) *Id.* at ¶ 253, citing *Bonnell* at ¶ 37. A trial court's failure to make the necessary findings under R.C. 2929.14(C)(4) renders the imposition of consecutive sentences contrary to law. *See Bonnell* at ¶ 37.

{¶12} Here, the record reflects that the trial court made the requisite findings both at sentencing and in its judgment entry. Notably, Floyd does not dispute that the necessary findings were made. Instead, he contends that the trial court failed to articulate specific facts to support its consecutive sentencing findings and that its findings were not supported by the record. However, contrary to Floyd's argument on appeal, a trial court has no obligation to state its *specific* reasons to support its consecutive sentencing findings under R.C. 2929.14(C)(4). *State v. Oliver*, 3d Dist. Union No. 14-20-23, 2021-Ohio-1002, ¶ 18, citing *Bonnell* at ¶ 37. Nevertheless, Floyd fails to cite any evidence in the record to demonstrate that the trial court's imposition of consecutive sentences was not supported by the record.

{¶13} This notwithstanding, our review of the record reveals ample support for the trial court's findings under R.C. 2929.14(C)(4). At the sentencing hearing, the trial court observed that the presentence investigation showed that Floyd had both a juvenile and adult criminal record consisting of numerous offenses, including two felony drug offenses. The record reflects that Floyd was on probation for a

prior drug offense when he committed the underlying offenses in this case. Moreover, as noted by the trial court, "the substance trafficked here is Fentanyl and the amounts would—in each of these transactions was capable of killing thousands of people in a relatively small community." (Nov. 17, 2020 Sent. Hrg. at 16).[1]

{¶14} In sum, we conclude that the record supports the trial court's findings under R.C. 2929.14(C)(4). Given that the trial court made all three of the necessary findings under R.C. 2929.14(C)(4), and that those findings are supported by the record, we find that the trial court did not err in imposing consecutive sentences upon Floyd.

{¶15} Accordingly, Floyd's first assignment of error is overruled.

*Second Assignment of Error*

{¶16} In his second assignment of error, Floyd argues that the Reagan Tokes Law is unconstitutional. Specifically, he argues that the indefinite sentencing provisions in the Reagan Tokes Law violate the separation of powers doctrine and deprive him of his right to a trial by jury and other procedural due process safeguards.

{¶17} The Reagan Tokes Law went into effect in Ohio on March 22, 2019. R.C. 2901.011. It requires a sentencing court imposing a prison term under R.C. 2929.14(A)(1)(a) or (2)(a), on or after the effective date, to order a minimum prison

---

[1] The record indicates that Floyd was found to have 12.12 grams and 14.9 grams of Fentanyl on his person during two separate controlled buy transactions.

term under that provision and a maximum prison term as determined by R.C. 2929.144(B). It also sets forth a presumption that an offender "shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier." R.C. 2967.271(B). The offender's presumptive earned early release date is determined under R.C. 2967.271(F), which permits the sentencing court to reduce the minimum term under certain circumstances. R.C. 2967.271(A)(2). The Department of Rehabilitation and Corrections ("DRC") may rebut the R.C. 2967.271(B) presumption if it determines at a hearing that certain statutorily enumerated factors apply. R.C. 2967.271(C). If the DRC rebuts the presumption, it may maintain the offender's incarceration after the expiration of the minimum prison term or presumptive earned early release date for a reasonable period of time, which "shall not exceed the offender's maximum prison term." R.C. 2967.271(D)(1).

{¶18} Floyd's prison term falls within the sentencing category of R.C. 2929.144(B)(2). That provision specifies that, where an offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and some or all of the prison terms imposed are to be served consecutively, the maximum prison term shall be equal to the sum of the consecutive minimum and definite terms, plus 50 percent of the longest minimum

or definite term for the most serious felony being sentenced. Here, the trial court sentenced Floyd to a five-year minimum prison term for both of his qualifying second-degree felonies, respectively. Thus, under the circumstances of this case, Floyd faces a minimum term of 10 years to a maximum term of 12 ½ years in prison.

{¶19} We recently addressed the separation of powers issue where the appellant raised a similar facial challenge to the indefinite sentencing provisions in the Reagan Tokes Law. *See State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22. Following the Second and Twelfth Appellate Districts, we determined that the indefinite sentencing provisions do not run afoul of the doctrine of separation of powers. *Id. See State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153, ¶ 21-26, citing *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, ¶ 18-20 (concluding that the Reagan Tokes Law does not violate the separation-of-powers doctrine because the statutory scheme is consistent with established Supreme Court of Ohio authority, which has held that "when the power to sanction is delegated to the executive branch, a separation-of-powers problem is avoided if the sanction is originally imposed by a court and included in its sentence."); *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, ¶ 17 (analogizing that "because due process does not require the sentencing court to conduct parole revocation proceedings, probation revocation proceedings, or postrelease control violation hearings, we likewise conclude that due process

does not require the sentencing court to conduct a hearing under R.C. 2967.271(C) to determine whether the ODRC has rebutted the presumption set forth in R.C. 2967.271(B)").

{¶20} At this juncture, we decline to revisit our precedent and conclude that Floyd's facial challenge to the Reagan Tokes Law on the basis that it violates the separation of powers doctrine is without merit. *See State v. Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, ¶ 10; *State v. Kepling*, 3d Dist. Hancock No. 5-20-23, 2020-Ohio-6888, ¶ 7.[2]

{¶21} Floyd also generally asserts that the Reagan Tokes Law is constitutionally deficient on procedural due process grounds, and he contends that it also violates his right to a trial by jury. Insofar as this appeal presents a facial challenge to the Reagan Tokes Law on the basis that the text does not set forth sufficient procedural due process protections, we rely upon our prior holding in *Hacker*, and find these arguments to be without merit. *Hacker* at ¶ 23. *See also State v. Crawford*, 2021-Ohio-547 at ¶ 11; *State v. Kepling*, 2020-Ohio-6888 at ¶ 12.

---

[2] We are aware that other appellate districts have found that separation of powers and due process arguments similar to those raised by Floyd in this appeal were not yet ripe for review. *See State v. Ramey*, 4th Dist. Washington Nos. 20CA1, 20CA2, 2020-Ohio-6733, ¶ 22; *State v. Downard*, 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227, ¶ 5, 12-13; *State v. Velliquette*, 6th Dist. Lucas No. L-19-1232, 2020-Ohio-4855, ¶ 30; *State v. Wilburn*, 8th Dist. Cuyahoga No. 109507, 2021-Ohio-578, ¶ 10-18; *State v. Lavean*, 11 Dist. Lake No. 2020-L-045, 2021-Ohio-1456, ¶ 8-12. We also note that, on December 28, 2020, the Supreme Court of Ohio accepted a case to determine whether the constitutionality of the Reagan Tokes Law is ripe for review. *See State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913.

{¶22} We have also previously addressed similar due process arguments and have declined to resolve those claims as not being ripe for review. *See also State v. Crawford*, 2021-Ohio-547 at ¶ 13 (stating "[a]t this time, we do not know if Crawford will ever face such action from the ODRC" and "[w]e also do not know what administrative guidelines will be in place to protect the procedural due process rights of offenders in the future if ODRC ever acts to hold Crawford beyond his presumptive release date"); *State v. Kepling*, 2020-Ohio-6888 at ¶ 14 (stating "at this point, we cannot even determine whether the ODRC will ever have occasion to hold a hearing to determine whether Kepling should be held beyond his presumptive release date. Similarly, we cannot now determine whether the ODRC will provide Kepling with adequate notice and an opportunity to be heard if a hearing to hold Kepling beyond his presumptive release date is ever held.").

{¶23} In sum, we rely upon our prior precedent upholding the indefinite sentencing provisions in the Reagan Tokes Law as constitutionally valid and not violative of the separation of powers doctrine. Moreover, we conclude that the procedural due process and right to a jury trial considerations raised by Floyd are not yet ripe for review. As such, we decline to address these issues at this time.

{¶24} For all these reasons the second assignment of error is overruled.

{¶25} Based on the foregoing, the assignments of error are overruled and the judgment and sentence of the Marion County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and MILLER, J., concur.**

**/jlr**