[Cite as *State v. Barnhart*, 2021-Ohio-2874.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                   CASE NO.  12-20-08

    v.

JOHN W. BARNHART, JR.,             O P I N I O N

    DEFENDANT-APPELLANT.


Appeal from Putnam County Common Pleas Court
Trial Court No. 2020 CR 00047

Judgment Affirmed

Date of Decision:   August 23, 2021


APPEARANCES:

    *Timothy J. Hoover* for Appellant

    *Gary L. Lammers* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, John W. Barnhart, Jr. ("Barnhart"), appeals the November 3, 2020 judgment of the Putnam County Court of Common Pleas, journalizing his conviction after pleading guilty to one count of second-degree felony aggravated vehicular homicide and sentencing him to an indefinite prison term of eight to 12 years. On appeal, Barnhart challenges the constitutionality of the indefinite sentencing provisions contained in the Reagan Tokes Law and alleges that he received ineffective assistance from his trial counsel at sentencing.

*Procedural History*

{¶2} On June 30, 2020, the Putnam County Grand Jury returned a three-count indictment against Barnhart alleging that he committed Count One, aggravated vehicular homicide, in violation of R.C. 2903.06 (A)(1)(a),(B)(2)(a), a felony of the second degree; Count Two, OVI involving alcohol, a drug of abuse or a combination of them, in violation of R.C. 4511.19(A)(1)(a),(G)(1)(a), a misdemeanor of the first degree; and Count Three, OVI involving a listed controlled substance or a listed metabolite of a controlled substance, in violation of R.C. 4511.19(A)(1)(j)(ix),(G)(1)(a), a misdemeanor of the first degree. The charges arose from allegations that Barnhart caused an auto accident by running a stop sign and striking another vehicle at the intersection of State Route 114 and County Road 19 in Putnam County, Ohio. The driver of the other vehicle died from the injuries

sustained in the accident. Barnhart was transported to a hospital where a blood draw pursuant to a search warrant was performed, the results of which indicated that Barnhart had methamphetamines in his system. Upon arraignment, Barnhart entered pleas of not guilty to the charges.

{¶3} On November 3, 2020, Barnhart withdrew his previously tendered not guilty pleas and entered a plea of guilty to Count One, aggravated vehicular homicide in violation of R.C. 2903.06 (A)(1)(a),(B)(2)(a), a felony of the second degree. In exchange for Barnhart's guilty plea, the State elected to dismiss the remaining counts listed in the indictment and to remain silent at sentencing.

{¶4} The trial court immediately proceeded to sentencing upon its acceptance of Barnhart's guilty plea. The trial court imposed upon Barnhart an indefinite prison term of eight to 12 years. The trial court journalized its sentence in its November 3, 2020 Judgment Entry of Sentencing.[1]

{¶5} It is from this judgment entry of conviction and sentence that Barnhart now appeals, asserting the following assignments of error.[2]

---

[1] On November 4, 2021, the trial court issued a Nunc Pro Tunc Judgment Entry of Sentencing to include language imposing Barnhart's mandatory lifetime suspension of his driver's license.

[2] The record reflects that on appeal this case was initially briefed under *Anders v. California*, 386 U.S. 739 (1997). However, this Court subsequently found the appeal was not "wholly frivolous," as the arguable issue regarding the constitutionality of the Reagan Tokes Law was accepted for review by the Supreme Court of Ohio and remains pending. This Court granted appellate counsel's motion to withdraw from representation, appointed new appellate counsel, and ordered full briefing of the issues.

**ASSIGNMENT OF ERROR NO. 1**

**THE "REAGAN TOKES ACT" CONTAINED IN SECTION 2967.271 OF THE OHIO REVISED CODE IS FACIALLY UNCONSTITUTIONAL.**

**ASSIGNMENT OF ERROR NO. 2**

**APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.**

*First Assignment of Error*

{¶6} In his first assignment of error, Barnhart argues that the Reagan Tokes Law is unconstitutional. Specifically, he argues that the indefinite sentencing provisions in the Reagan Tokes Law violate the separation of powers doctrine and deprive him of his right to a trial by jury and other procedural due process safeguards.

{¶7} Initially, we note that Barnhart failed to object to the constitutionality of the Reagan Tokes Law in the trial court. The "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus.

{¶8} However, we retain the discretion to consider a waived constitutional argument under a plain-error analysis. *In re M.D.*, 38 Ohio St.3d 149, 151 (1988). An error qualifies as "plain error" only if it is obvious and but for the error, the

outcome of the proceeding clearly would have been otherwise. *State v. Yarbrough*, 95 Ohio St.3d 227, 245, 2002-Ohio-2126, ¶ 32. Accordingly, we will review Barnhart's argument on appeal for plain error.

*Legal Authority*

{¶9} The Reagan Tokes Law went into effect in Ohio on March 22, 2019. R.C. 2901.011. It requires a sentencing court imposing a prison term under R.C. 2929.14(A)(1)(a) or (2)(a), on or after the effective date, to order a minimum prison term under that provision and a maximum prison term as determined by R.C. 2929.144(B). It also sets forth a presumption that an offender "shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier." R.C. 2967.271(B). The offender's presumptive earned early release date is determined under R.C. 2967.271(F), which permits the sentencing court to reduce the minimum term under certain circumstances. R.C. 2967.271(A)(2). The Department of Rehabilitation and Corrections ("DRC") may rebut the R.C. 2967.271(B) presumption if it determines at a hearing that certain statutorily enumerated factors apply. R.C. 2967.271(C). If the DRC rebuts the presumption, it may maintain the offender's incarceration after the expiration of the minimum prison term or presumptive earned early release date for a reasonable period of time,

which "shall not exceed the offender's maximum prison term." R.C. 2967.271(D)(1).

{¶10} Barnhart's prison term falls within the sentencing category of R.C. 2929.144(B)(1). That provision specifies that, where an offender is being sentenced for a qualifying felony of the second degree the maximum prison term shall be equal to the minimum term imposed on the offender under R.C. 2929.14(A)(2)(a), plus 50 percent of that term. Here, the trial court sentenced Barnhart to an eight-year minimum prison term for his qualifying second-degree felony. Therefore, Barnhart faces a minimum term of eight years to a maximum term of 12 years in prison.

*Discussion*

{¶11} We recently addressed the separation of powers issue where the appellant raised a similar facial challenge to the indefinite sentencing provisions in the Reagan Tokes Law. *See State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22. Following the Second and Twelfth Appellate Districts, we determined that the indefinite sentencing provisions do not run afoul of the doctrine of separation of powers. *Id.*; *see State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153, ¶ 21-26, citing *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, ¶ 18-20 (concluding that the Reagan Tokes Law does not violate the separation-of-powers doctrine because the statutory scheme is consistent with established Supreme Court of Ohio authority, which has held that "when the power

to sanction is delegated to the executive branch, a separation-of-powers problem is avoided if the sanction is originally imposed by a court and included in its sentence"); *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837, ¶ 17 (analogizing that "because due process does not require the sentencing court to conduct parole revocation proceedings, probation revocation proceedings, or postrelease control violation hearings, we likewise conclude that due process does not require the sentencing court to conduct a hearing under R.C. 2967.271(C) to determine whether the ODRC has rebutted the presumption set forth in R.C. 2967.271(B)").

{¶12} At this juncture, we decline to revisit our precedent and conclude that Barnhart's  facial challenge to the Reagan Tokes Law on the basis that it violates the separation of powers doctrine is without merit.  *See State v. Floyd*, 3d Dist. Marion No. 9-20-44, 2021-Ohio-1935, ¶ 20; *State v. Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, ¶ 10; *State v. Kepling*, 3d Dist. Hancock No. 5-20-23, 2020-Ohio-6888, ¶ 7.[3]

{¶13} Barnhart also generally asserts that the Reagan Tokes Law is constitutionally deficient on procedural due process grounds, and he contends that

---

[3] We are aware that other appellate districts have found that separation of powers and due process arguments similar to those raised by Barnhart in this appeal were not yet ripe for review. *See State v. Ramey*, 4th Dist. Washington Nos. 20CA1, 20CA2, 2020-Ohio-6733, ¶ 22; *State v. Downard*, 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227, ¶ 5, 12-13; *State v. Velliquette*, 6th Dist. Lucas No. L-19-1232, 2020-Ohio-4855, ¶ 30; *State v. Lavean*, 11 Dist. Lake No. 2020-L-045, 2021-Ohio-1456, ¶ 8-12.  We also note that, on December 28, 2020, the Supreme Court of Ohio accepted a case to determine whether the constitutionality of the Reagan Tokes Law is ripe for review. *See State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913.

it also violates his right to a trial by jury. Insofar as this appeal presents a facial challenge to the Reagan Tokes Law on the basis that the text does not set forth sufficient procedural due process protections, we rely upon our prior holding in *Hacker*, and find these arguments to be without merit. *Hacker* at ¶ 23; *see also State v. Floyd*, 2021-Ohio-1935, ¶ 21; *State v. Crawford*, 2021-Ohio-547 at ¶ 11; *State v. Kepling*, 2020-Ohio-6888 at ¶ 12.

{¶14} We have also previously addressed similar due process arguments and have declined to resolve those claims as not being ripe for review. *See also State v. Crawford*, 2021-Ohio-547 at ¶ 13 (stating "[a]t this time, we do not know if Crawford will ever face such action from the ODRC" and "[w]e also do not know what administrative guidelines will be in place to protect the procedural due process rights of offenders in the future if ODRC ever acts to hold Crawford beyond his presumptive release date"); *State v. Kepling*, 2020-Ohio-6888 at ¶ 14 (stating "at this point, we cannot even determine whether the ODRC will ever have occasion to hold a hearing to determine whether Kepling should be held beyond his presumptive release date. Similarly, we cannot now determine whether the ODRC will provide Kepling with adequate notice and an opportunity to be heard if a hearing to hold Kepling beyond his presumptive release date is ever held.").

{¶15} In sum, we rely upon our prior precedent upholding the indefinite sentencing provisions in the Reagan Tokes Law as constitutionally valid and not

violative of the separation of powers doctrine. Therefore, we find no plain error in the trial court's determination in this regard. Moreover, we conclude that the procedural due process and right to a jury trial considerations raised by Barnhart are not yet ripe for review. As such, we decline to address these issues at this time.

{¶16} For all these reasons the first assignment of error is overruled.

*Second Assignment of Error*

{¶17} In his second assignment of error, Barnhart claims that his trial counsel was ineffective for his failure to raise the unconstitutionality of the Reagan Tokes Law to the trial court.

{¶18} A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153 (1988). Therefore, to prevail on a claim of ineffective assistance of counsel, Barnhart must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989). In other words, Barnhart must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

{¶19} In our discussion of Barnhart's first assignment of error, we reaffirmed our precedent that the indefinite sentencing provisions in the Reagan Tokes Law do

not violate of the separation of powers doctrine and are constitutionally valid on this basis. We also determined that the due process and right to a jury trial constitutional considerations raised by Barnhart regarding the Reagan Tokes Law are not yet ripe for review. Therefore, Barnhart is unable to establish that he was prejudiced by his counsel's failure to challenge the constitutionality of the statute, as he has not shown a reasonable probability of a change in the outcome had counsel raised the issue in the trial court. *See State v. Beatty*, 5th Dist. Muskingum No. CT2020-0015, 2021-Ohio-355, ¶¶ 53-54; *State v. Hall*, 2d Dist. Montgomery No. 28882, 2021-Ohio-1894, ¶ 56.

{¶20} Accordingly, Barnhart's second assignment of error is overruled.

{¶21} Based on the foregoing, the assignments of error are overruled and the judgment and sentence of the Putnam County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**ZIMMERMAN and MILLER, J.J., concur.**

**/jlr**