[Cite as *State v. Kiefer*, 2021-Ohio-3059.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                    Court of Appeals No.  OT-21-005

    Appellee                              Trial Court No.  20 CR 219

v.

Brian Kiefer                                     **DECISION AND JUDGMENT**

    Appellant                             Decided:  September 3, 2021

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Thomas A. Matuszak, Assistant Prosecuting Attorney, for appellee.

Christopher S. Maher, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Brian Kiefer, appeals the January 8, 2021 judgment of the Ottawa

County Court of Common Pleas sentencing him to an aggregate prison term of 75 months

following his conviction on five counts of gross sexual imposition.  For the reasons that follow, we affirm the trial court's judgment.

## I.  Background

{¶ 2} On October 7, 2020, the state filed an information charging Kiefer with five counts of gross sexual imposition in violation of R.C. 2907.05(A)(5) and (C)(1), each a fourth-degree felony.  The charges arose from Kiefer's repeated molestation of his minor step-daughter.  Kiefer appeared for a plea hearing on November 3, 2020.  At that hearing, he waived his right to be charged by way of indictment and entered a guilty plea to all five counts.  The trial court accepted Kiefer's plea and ordered him to participate in a presentencing interview before his sentencing hearing on January 8, 2021.

{¶ 3} At the sentencing hearing, a victim's advocate read a statement from the victim into the record.  The victim's statement detailed her diagnosis with obsessive-compulsive disorder, post-traumatic stress disorder, and anxiety disorder resulting from appellant's conduct.  The victim also expressed her ongoing fear of being around others.  The prosecutor described the victim's mental health injuries as being exacerbated due to her age at the time of Kiefer's offenses and because Kiefer used his familial relationship with her to facilitate the offenses.  The prosecutor explained that the state charged Keifer with only five counts of gross sexual imposition—even though the abuse occurred on more than five occasions—in an effort "to balance the interests of the victim in reaching

2.

closure, if you will, and also getting a just result in this case."[1] The state acknowledged that during the course of his presentencing investigation interview, Kiefer received an Ohio Risk Assessment Score ("ORAS") of 4 indicating a "low risk" for recidivism. The state argued that while this score was low, the nature and duration of Kiefer's offenses indicate that he remains a danger to the public.

{¶ 4} Kiefer argued extensively that his cooperation with the state and his guilty plea should result in a less severe sanction. Describing his conduct, Kiefer stated that he "developed an obsession" with the victim and "acted in a very controlling manner." Kiefer acknowledged that the victim's "pain and suffering" and "mental health issues" were a result of his conduct. He stated that the victim "will have trouble throughout her entire life because of [his] actions." Kiefer also stated that he has been in treatment for his own mental health issues and that he will continue to seek treatment so that he does not repeat his conduct. Kiefer argued that his cooperation with the state, his need for continued treatment, and his low ORAS score warranted the imposition of a community control sanction rather than a prison term.

{¶ 5} At the conclusion of the hearing, the trial court imposed a 15-month prison term for each of Kiefer's five convictions. The trial court then ordered Kiefer to serve each prison term consecutively, which resulted in a 75-month aggregate prison term.

---

[1] Apparently, the parties discussed the existence of additional, uncharged offenses at Kiefer's plea hearing. Kiefer did not order a transcript of the plea hearing for our review.

3.

Kiefer's sentence was memorialized in a judgment entry that same day. Kiefer timely appealed and asserts the following error for our review:

> The trial court violated Brian Kiefer's right to due process when it imposed multiple consecutive sentences because the court's findings are not clearly and convincingly supported by the record.

## II. Law and Analysis

{¶ 6} We review felony sentences under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20. We may increase, modify, or vacate and remand a trial court's imposition of consecutive sentences only if we clearly and convincingly find that: (1) "the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, * * * " or (2) "the sentence is otherwise contrary to law." *Id.*, citing R.C. 2953.08(G)(2).

{¶ 7} The "clear and convincing evidence" standard is defined as "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *State v. Mitten,* 6th Dist. Sandusky No. S-19-056, 2021-Ohio-89, ¶ 4, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

4.

**{¶ 8}** Initially, we note that Kiefer incorrectly states that the trial court's consecutive sentence order may only be upheld if the imposition of consecutive sentences was clearly and convincingly supported by the record. However, R.C. 2953.08(G) requires Kiefer to identify clear and convincing evidence in the record that the trial court's findings are *not* supported by the record. Thus, the burden is on Kiefer to identify clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.14(C)(4). *State v. Torres,* 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 6. Kiefer fails to meet this burden.

**{¶ 9}** As provided in R.C. 2929.14(C)(4), a trial court must make certain findings to impose consecutive sentences:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 10} In other words, the trial court must make three statutory findings before imposing consecutive sentences. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 252; *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26. It must find (1) that consecutive sentences are necessary to protect the public or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger that the offender poses to the public; and (3) that R.C. 2929.14(C)(4)(a), (b), or (c) is applicable. *Beasley* at ¶ 252. While "a word-for-word recitation of the language of the statute is not required," a reviewing court must be able to discern that the trial court engaged in the correct analysis

6.

and the record must contain evidence to support the trial court's findings. *Bonnell* at ¶ 29.

{¶ 11} Here, Kiefer concedes that the trial court made the required findings under R.C. 2929.14(C) to impose consecutive sentences. Kiefer argues, however, that the record does not support those findings. We disagree.

### A. The record supports the trial court's finding that consecutive sentences are necessary to punish Kiefer.

{¶ 12} Kiefer argues that while the record supports a prison term, his recognition of the impact of his conduct on the victim shows that consecutive sentences were not *necessary* to punish him. According to Kiefer, the record only arguably supports a prison term "between six and eighteen months."

{¶ 13} Kiefer, however, entered a guilty plea to multiple counts of gross sexual imposition against his minor step-daughter. The victim suffered multiple psychological conditions as a result of his conduct and, by Kiefer's own admission, "will have trouble throughout her life because of [his] actions." Kiefer's own belief that he should have received a six-to-eighteen month prison sentence for his crimes does not demonstrate that the trial court erred by concluding otherwise. We find that Kiefer fails to identify clear and convincing evidence that the record does not support the trial court's finding that consecutive sentences are necessary to punish Kiefer.

7.

**B. The record supports the trial court's finding that consecutive sentence were not disproportionate to the seriousness of Kiefer's conduct.**

{¶ 14} Kiefer argues that his sentence is disproportionate to the seriousness of his conduct because he was convicted of fourth-degree felonies rather than higher-degree offenses. That, he continues, only subjected him to the lowest tier sexual offender registration under R.C. 2950.01 et seq., rendering consecutive sentences disproportionate to the seriousness of his conduct. Essentially, Kiefer argues that his felonious conduct against his minor step-daughter was not serious enough to warrant consecutive sentences because he did not commit higher-level offenses against her.

{¶ 15} The record, however, shows that Kiefer's conduct was serious. He molested his minor step-daughter on numerous occasions. He used his relationship with her to facilitate the offense and she suffered psychological harm as a result. Based on this record, the trial court found that the imposition of consecutive prison terms was not disproportionate to the seriousness of Kiefer's conduct. Kiefer does not identify any evidence in the record—let alone clear and convincing evidence—that the trial court's finding is unsupported by the record.

**C. The record supports the trial court's finding that consecutive sentences are not disproportionate to his danger to the public.**

{¶ 16} Kiefer argues that because he received a low ORAS score during his presentencing investigation, and because his score on a diagnostic test administered by a

mental health professional showed a low risk of recommitting sexual offenses,[2] that the trial court's imposition of consecutive sentences was disproportionate to the danger he poses to the public. Kiefer also points to the trial court's conclusion that the "more likely recidivism factors [in R.C. 2929.12] do not outweigh the less likely factors" as evidence that he does not pose a danger to the public.

{¶ 17} First, Kiefer's reliance on the trial court's consideration of the R.C. 2929.12 recidivism factors is misplaced. When imposing a felony sentence, a trial court is required to consider certain factors established in R.C. 2929.12 to determine the appropriate sentence for each conviction. *State v. Williams*, 6th Dist. Lucas No. L-13-1083, 2014-Ohio-3624, ¶ 8; R.C. 2929.12. This includes consideration of factors which show whether the offender is more or less likely to commit future crimes. R.C. 2929.12(D) and (E). Kiefer argues that the trial court's finding that he was not more likely to commit a future offense, when it imposed a prison term for his individual convictions, means that the trial court's finding that consecutive sentences are not disproportionate to the danger he poses to the public is unsupported. However, the trial court's consideration of the R.C. 2929.12 recidivism factors is not the basis on which this court reviews consecutive sentences. *State v. Gwynne,* 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169. Instead, appellate review of a trial court's imposition of

---

[2] The diagnostic test results were discussed at the sentencing hearing but are not part of the record submitted on appeal.

9.

consecutive sentences is limited to review of the trial court's findings under R.C. 2929.14 as stated in R.C. 2953.08(G)(2)(a). *Id.* at ¶ 17.

{¶ 18} Moreover, the R.C. 2929.14(C) finding that consecutive sentences are not disproportionate to the danger the offender poses to the public does not require the same analysis as consideration of the recidivism factors in R.C. 2929.12. *State v. Mitchell*, 8th District Cuyahoga No. 105053, 2017-Ohio-6888, ¶ 13. R.C. 2929.12 requires the trial court to determine whether an offender is more or less likely to commit future offenses when determining the sentence for a felony conviction. R.C. 2929.14(C) requires the trial court to analyze whether consecutive sentences are not disproportionate to the danger the offender poses to the public. R.C. 2929.14(C)(4). There are no specific factors the trial court must consider to determine whether consecutive sentences are disproportionate to that danger. *Mitchell* at ¶ 13. Therefore, while the trial court's consideration of whether the offender is likely to recidivate may show the danger the offender poses to the public, R.C. 2929.14(C) requires the trial court to find that consecutive sentences are not disproportionate to that danger, whatever it may be. *State v. Castle,* 2d Dist. Champaign No. 02CA09, 2003-Ohio-45, ¶ 38, *reversed on other grounds in State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Kiefer, then, must show through clear and convincing evidence that the trial court erred in finding that the consecutive were not disproportionate to the danger he posed to the public, not that he had a low risk of committing future offenses.

10.

{¶ 19} At the sentencing hearing, Kiefer informed the trial court that he "developed an obsession" with the victim and, as referenced in his brief, even admitted to additional sexual abuse against her that was not included in the charges for which he was convicted. The state also made the unchallenged assertion that Kiefer committed more offenses but in the interest of providing the victim closure, it agreed to limit its prosecution to these five counts. Based on this record, the trial court determined that Kiefer posed a danger to the public and that consecutive sentences were not disproportionate to that danger.

{¶ 20} Kiefer fails to explain how the imposition of consecutive sentences was disproportionate to the danger he poses to the public, particularly in light of the seriousness of his offenses and his development of a sexual obsession with a minor. We find that Kiefer fails to meet his burden of identifying clear and convincing evidence that the trial court's finding is not supported by the record.

**D. The record supports the trial court's finding that Kiefer's offenses were committed as one or more courses of conduct resulting in harm that was so great or unusual that no single prison term reflects the seriousness of his conduct.**

{¶ 21} Kiefer argues that "the psychological harm suffered by the victim was equivalent to the harm seen in most cases involving the unlawful sexual touching" and was, therefore, not great or unusual. Kiefer cites no evidence to support this assertion and, in fact, the record contains evidence to the contrary.

11.

{¶ 22} In the victim's statement, she informed the trial court that she suffers from obsessive-compulsive disorder, post-traumatic stress disorder, and anxiety disorder resulting from appellant's conduct. Kiefer himself acknowledged that the victim "will have trouble throughout her entire life because of [his] actions."

{¶ 23} Kiefer fails to cite any evidence—let alone clear and convincing evidence—that the trial court erred in finding that the victim suffered "great or unusual" harm due to Kiefer's conduct.

### III. Conclusion

{¶ 24} In sum, we find that the trial court engaged in the correct analysis when it imposed consecutive sentences and that the record contains evidence to support the trial court's findings. *Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 29. Kiefer failed to identify clear and convincing evidence to show that the trial court erred in making the findings under R.C. 2929.14(C) and his assignment of error is found not well-taken.

{¶ 25} We therefore affirm the January 8, 2021 judgment of the Ottawa County Court of Common Pleas. Kiefer is ordered to pay the costs of this appeal pursuant to App.R.24.

Judgment affirmed.

State of Ohio
v. Brian Kiefer
OT-20-005

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                    JUDGE

Thomas J. Osowik, J.

Christine E. Mayle, J.          _____
CONCUR.                                          JUDGE

                                     _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

13.