[Cite as *State v. Coykendall*, 2021-Ohio-3407.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                        CASE NO. 9-20-24

    v.

JASON W. COYKENDALL,                     O P I N I O N

    DEFENDANT-APPELLANT.

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                        CASE NO. 9-20-26

    v.

JASON W. COYKENDALL,                     O P I N I O N

    DEFENDANT-APPELLANT.

**Appeals from Marion County Common Pleas Court**
**Trial Court Nos. 19-CR-420 and 19-CR-434**

**Appeal Dismissed in Case No. 9-20-24**
**Judgment Affirmed in Part, Reversed in Part**
**and Cause Remanded in Case No. 9-20-26**

**Date of Decision: September 27, 2021**

APPEARANCES:

    *Paul L. Scarsella* **for Appellant**

    *Raymond A. Grogan, Jr.* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Jason Coykendall, brings these appeals from the April 7, 2020, judgments of the Marion County Common Pleas Court sentencing him to serve consecutive sentences after he was convicted of two counts of burglary in two separate trial court cases.

*Background*

{¶2} On October 9, 2019, Coykendall was indicted in trial court case 19-CR-420 for burglary in violation of R.C. 2911.12(A)(2), a second degree felony, and possessing criminal tools in violation of R.C. 2923.24(A), a fifth degree felony. The crimes allegedly occurred on October 4, 2019.

{¶3} On October 23, 2019, a separate indictment was filed in trial court case 19-CR-434 charging Coykendall with four counts of burglary in violation of R.C. 2911.12(A)(2), all felonies of the second degree, five counts of forgery in violation of R.C. 2913.31(A)(1), all felonies of the fifth degree, three counts of theft in violation of R.C. 2913.02(A)(1), all felonies of the fifth degree, and four counts of receiving stolen property in violation of R.C. 2913.51(A), all felonies of the fifth degree.[1] The crimes in trial court case 19-CR-434 allegedly occurred on the dates of September 24-26, 2019, and on October 1, 2019.

---

[1] In the 19-CR-434 case, Coykendall was originally indicted for one count of burglary on October 16, 2019; however, the superseding indictment containing sixteen counts was filed a week later.

{¶4} On March 13, 2020, Coykendall entered into written negotiated plea agreements in *both* pending trial court cases against him. In trial court case 19-CR-420, he agreed to plead guilty to burglary in violation of R.C. 2911.12(A)(2), a second degree felony, and in trial court case 19-CR-434 he agreed to plead guilty to a single count of burglary in violation of R.C. 2911.12(A)(2), a second degree felony. As part of the written plea agreement, the parties jointly recommended a minimum indefinite prison sentence on each burglary count of six years, with a maximum indefinite prison term of nine years. The jointly recommended sentence indicated that the prison terms would run concurrently. Importantly, the written plea agreement in trial court case 19-CR-434 specifically stated that the remaining counts in the indictment (counts 2-16) would be dismissed. By contrast, the written plea agreement in 19-CR-420 did not state that the sole remaining count would be dismissed. Nevertheless, the written plea agreements were signed by the parties and the trial court.

{¶5} According to the trial court's final entries in the record, a Crim.R. 11 plea hearing was held wherein Coykendall entered his pleas knowingly, intelligently, and voluntarily; however, no transcript from that hearing was provided.

{¶6} On April 6, 2020, both cases against Coykendall proceeded to sentencing. Ultimately the trial court did not follow the joint sentencing

recommendation. Coykendall was ordered to serve a minimum indefinite prison term of five years on each count, with a maximum possible prison term of seven and one-half years. Those prison terms were ordered to be served consecutive to each other, rather than concurrent per the joint recommendation.[2]

{¶7} Judgment entries memorializing Coykendall's sentence were filed the day after the sentencing hearing. The sentencing entry in trial court case 19-CR-434 specifically stated that the remaining indicted counts were dismissed. The sentencing entry in trial court case 19-CR-420 did not contain a finding that the remaining count was dismissed. Coykendall filed appeals from both trial court judgments. The cases were consolidated for appeal and Coykendall now asserts the following assignments of error for our review.

**Assignment of Error No. 1**
**The Court erred as a matter of law when it imposed consecutive sentences without making the appropriate findings and without a factual basis to justify the imposition of consecutive sentences.**

**Assignment of Error No. 2**
**The sentencing structure created by the Reagan Tokes Act is a violation of the separation of powers and is therefore unconstitutional.**

{¶8} Before we reach the assignments of error in this matter, we must address a jurisdictional issue raised by the state. Separate from the briefing in this case, the

---

[2] Coykendall was also sentenced to serve an additional twelve months in prison for a post-release control violation. This sentence was imposed in Case 19-CR-420 and ordered to be served consecutively to the new prison term imposed in that case.

state filed a motion to dismiss the appeal in case 9-20-24, which corresponds to trial court case 19-CR-420. The state argues that there is no final appealable order in that case because the trial court did not dispose of the "possessing criminal tools" charge from the indictment.[3] We agree.

{¶9} "In a criminal matter, if a trial court fails to dispose of all the criminal charges, the order appealed from is not a final, appealable order." *State v. Robinson*, 5th Dist. No. 2007 CA 00349, 2008-Ohio-5885, ¶ 11; *State v. Cutright*, 4th Dist. Ross No. 20CA3718, 2021-Ohio-1582, ¶ 8. "Such an interlocutory order is not subject to appellate review." *State v. Grube*, 4th Dist. Gallia No. 10CA16, 2012-Ohio-2180, ¶ 5, citing *State v. Smith*, 4th Dist. Highland No. 10CA13, 2011-Ohio-1659, ¶ 5.

{¶10} In this case, after reviewing the record we agree with the state that there is no disposition in the 19-CR-420 case of the charge of possessing criminal tools. Thus there is no final appealable order in that case, and we lack jurisdiction over the matter. Accordingly, appeal 9-20-24, which corresponds to trial court case 19-CR-420, is dismissed.

{¶11} We will now proceed to address the remaining assignments of error as they pertain to appeal 9-20-26, inasmuch as they can be addressed due to the dismissal of one of the consolidated appeals.

---

[3] We note the state could also have addressed this issue in the trial court.

*First Assignment of Error*

**{¶12}** In his first assignment of error, Coykendall argues that the trial court erred by imposing consecutive sentences in this matter without making the appropriate statutory findings pursuant to R.C. 2929.14(C)(4). However, Coykendall's sentence in trial court case 19-CR-420 is not final at this time, thus the prison term in 19-CR-434 has not been officially ordered to run consecutive to another final judgment. As the prison sentences are inextricably linked, the case in 19-CR-434 must be remanded to the trial court for further proceedings once a final entry is filed with respect to 19-CR-420. To this extent only, the first assignment of error is sustained.

*Second Assignment of Error*

**{¶13}** In his second assignment of error, Coykendall argues that the sentencing structure created by the Reagan Tokes Law violates the separation of powers and it is therefore unconstitutional.

Analysis

**{¶14}** The challenge raised by Coykendall in this case has been addressed, and rejected, multiple times by this Court already. *State v. Floyd*, 3d Dist. Marion No. 9-20-44, 2021-Ohio-1935, ¶ 20; *State v. Crawford,* 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, *¶ 10; State v. Kepling,* 3d Dist. Hancock No. 5-20-23, 2020-

Ohio-6888, ¶ 7.[4]  At this juncture, we decline to revisit our precedent and conclude that Coykendall's  facial challenge to the Reagan Tokes Law on the basis that it violates the separation of powers doctrine is without merit.  For these reasons, Coykendall's second assignment of error is overruled.

*Conclusion*

{¶15} For the foregoing reasons appeal 9-20-24 is dismissed for lack of a final appealable order.  The first assignment of error related to appeal 9-20-26 is sustained in part and remanded to the trial court.  The second assignment of error related to appeal 9-20-26 is overruled.  Therefore the judgment and sentence of the Marion County Common Pleas Court is affirmed in part and reversed in part in appeal 9-20-26.

*Appeal Dismissed in Case No. 9-20-24;*
*Judgment Affirmed in Part, Reversed in Part*
*And Cause Remanded in Case No. 9-20-26*

**WILLAMOWSKI, P.J. and MILLER, J., concur.**

**/jlr**

---

[4] We are aware that other appellate districts have found that separation of powers and due process arguments similar to those raised by Coykendall in this appeal were not yet ripe for review. *See State v. Ramey*, 4th Dist. Washington Nos. 20CA1, 20CA2, 2020-Ohio-6733, ¶ 22; *State v. Downard*, 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227, ¶ 12-13; *State v. Velliquette*, 6th Dist. Lucas No. L-19-1232, 2020-Ohio-4855, ¶ 30; *State v. Wilburn*, 8th Dist. Cuyahoga No. 109507, 2021-Ohio-578, ¶ 10-18; *State v. Lavean*, 11 Dist. Lake No. 2020-L-045, 2021-Ohio-1456, ¶ 8-12.  We are also aware that on December 28, 2020, the Supreme Court of Ohio accepted a case to determine whether the constitutionality of the Reagan Tokes Law is ripe for review. *See State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913.  At this time, oral arguments have been held in that case and a decision is forthcoming.