[Cite as *State v. Coykendall*, 2021-Ohio-3875.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO.  9-20-24

    v.

JASON W. COYKENDALL,             O P I N I O N

    DEFENDANT-APPELLANT.

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO.  9-20-26

    v.

JASON W. COYKENDALL,              O P I N I O N

    DEFENDANT-APPELLANT.

Appeals from Marion County Common Pleas Court
Trial Court Nos. 19-CR-420 and 19-CR-434

**Judgments Affirmed**

Date of Decision:  November 1, 2021

APPEARANCES:

    *Paul L. Scarsella* **for Appellant**

    *Nathan R. Heiser* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Jason Coykendall, brings these appeals from the April 7, 2020, judgments of the Marion County Common Pleas Court sentencing him to serve consecutive sentences after he was convicted of two counts of burglary in two separate trial court cases. On appeal, Coykendall argues that the trial court erred by imposing consecutive sentences without making the appropriate statutory findings, and that the Reagan Tokes Law is an unconstitutional violation of the separation of powers.

*Background*

{¶2} On October 9, 2019, Coykendall was indicted in trial court case 19-CR-420 for burglary in violation of R.C. 2911.12(A)(2), a second degree felony.[1] The crime allegedly occurred on October 4, 2019.

{¶3} On October 23, 2019, a separate indictment was filed in trial court case 19-CR-434 charging Coykendall with four counts of burglary in violation of R.C.

---

[1] The written indictment against Coykendall in case 19-CR-420 lists two counts. Count one names Coykendall along with a separate defendant, but count two is *only* related to the separate criminal defendant. The written existence of this additional count against a second criminal defendant in the indictment against Coykendall in trial court case 19-CR-420 prompted the state to file a motion to dismiss appeal 9-20-24 (corresponding to trial court case 19-CR-420). The state claimed that the count against the second defendant was effectively unresolved in Coykendall's case because the count was not mentioned in Coykendall's plea agreement or in the final judgment entry related to 19-CR-420. Because the second count did not name Coykendall, the state's motion to dismiss appeal 9-20-24 was erroneously granted by this Court. This opinion is released upon reconsideration and our having vacated our prior decision, *State v. Coykendall*, 3rd Dist. Marion Nos. 9-20-24, 26, 2021-Ohio-3407. We would note that the record submitted to this Court does not contain any further information regarding the second count and the second defendant listed in the indictment filed in case 19-CR-420; however, it appears that the count against the second defendant was dealt with in a separate trial court case number.

2911.12(A)(2), all felonies of the second degree, five counts of forgery in violation of R.C. 2913.31(A)(1), all felonies of the fifth degree, three counts of theft in violation of R.C. 2913.02(A)(1), all felonies of the fifth degree, and four counts of receiving stolen property in violation of R.C. 2913.51(A), all felonies of the fifth degree.[2] The crimes in trial court case 19-CR-0434 allegedly occurred on the dates of September 24-26, 2019, and on October 1, 2019.

{¶4} On March 13, 2020, Coykendall entered into written negotiated plea agreements in *both* pending trial court cases against him. In trial court case 19-CR-420, he agreed to plead guilty to burglary in violation of R.C. 2911.12(A)(2), a second degree felony, and in trial court case 19-CR-434 he agreed to plead guilty to a single count of burglary in violation of R.C. 2911.12(A)(2), a second degree felony. As part of the plea agreement, the parties agreed to a jointly recommended sentence on each count of a six year minimum prison term, with a maximum indefinite prison term of nine years. The jointly recommended sentence indicated that the prison terms would run concurrently. According to the trial court's entries in the record, a Crim.R. 11 plea hearing was held wherein Coykendall entered his pleas knowingly, intelligently, and voluntarily; however, no transcript from that hearing was provided.

---

[2] In the 19-CR-434 case, Coykendall was originally indicted for one count of burglary on October 16, 2019; however, a superseding indictment containing sixteen counts was filed a week later, on October 23, 2019.

{¶5} On April 6, 2020, both cases against Coykendall proceeded to sentencing. The state and defense counsel reiterated the jointly recommended sentence in this matter. Further, the state indicated that the victims of the burglaries felt that the jointly recommended sentence would be a just punishment. Coykendall made a statement on his own behalf expressing his remorse. He also read letters he had written to the victims in this matter.

{¶6} The trial court then proceeded to sentence Coykendall, indicating that it was persuaded Coykendall was remorseful. Thus the trial court deviated downward slightly from the jointly recommended prison sentence, ordering Coykendall to serve an indefinite minimum prison term of five years on each count, with a maximum possible prison term of seven and one-half years. However, contrary to the joint recommendation of concurrent sentences, the trial court found that given the gravity of the crimes committed, Coykendall's criminal history, and the fact that the crimes occurred against different victims over a period of time, consecutive sentences were warranted in this matter. Thus the trial court ordered the prison terms in each trial court case to be served consecutive to each other.

{¶7} Finally, the trial court determined that Coykendall was on post-release control at the time he committed the offense in trial court case 19-CR-420. Coykendall was ordered to serve twelve months in prison for his post-release control violation, consecutive to his other prison terms. Judgment entries memorializing

Coykendall's sentence were filed the day after the sentencing hearing. It is from these judgments that Coykendall appeals, asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**The Court erred as a matter of law when it imposed consecutive sentences without making the appropriate findings and without a factual basis to justify the imposition of consecutive sentences.**

**Assignment of Error No. 2**
**The sentencing structure created by the Reagan Tokes Act is a violation of the separation of powers and is therefore unconstitutional.**

*First Assignment of Error*

{¶8} In his first assignment of error, Coykendall argues that the trial court erred by imposing consecutive sentences in this matter without making the appropriate statutory findings pursuant to R.C. 2929.14(C)(4). Further, he argues that even if the findings were made, they were not supported by the record.

Standard of Review

{¶9} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that " 'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' "

Case No. 9-20-24 and 9-20-26

*Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

Relevant Authority

{¶10} Pursuant to R.C. 2929.14(C)(4), in order to impose consecutive sentences, a trial court must find on the record that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Accord State v. Grate*, 164 Ohio St.3d 9, 2020-Ohio-5584, ¶ 205. A trial court must then also find that at least one or more of the aggravating factors in R.C. 2929.14(C)(4)(a) through (c) are present. Those factors include,

> **(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**
>
> **(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**
>
> **(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

-6-

{¶11} In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37, the Supreme Court of Ohio held that a trial court must make the requisite statutory findings before imposing consecutive sentences "at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings."

Analysis

{¶12} After the parties gave their recommendations at the sentencing hearing, and Coykendall was able to speak on his own behalf, the trial court proceeded to sentence Coykendall. The trial court indicated that it had considered the principles and purposes of sentencing, then emphasized that Coykendall's record was "abysmal." (Apr. 6, 2020, Tr. at 15). The trial court summarized Coykendall's lengthy criminal history, which included "a multitude of crimes of violence" as well as a trespass and a breaking and entering. (*Id*. at 16). In addition to his criminal convictions and his prison terms, the trial court stated that Coykendall had not responded favorably to his opportunities while under supervision. For example, Coykendall had violated community control, judicial release, and post-release control.

{¶13} The trial court then determined that the most "egregious things about both of these cases are who you victimized." (*Id*. at 17). In one case the victim was

a 62 year old with dementia, and the other victim involved a church in the community.

{¶14} Next, the trial court found that a prison sentence in each case was appropriate, particularly since "these two offenses occurred almost a month apart." (*Id*. at 18). Because of this, the trial court determined that the jointly recommended concurrent sentence was not appropriate because it would "demean the seriousness of the offense in each of these [cases]." (*Id*.)

{¶15} The trial court then imposed a minimum indefinite prison term of five years in both cases, with a maximum indefinite prison term of seven and one half years, to be served consecutive to each other. "In addition, because you were on post release control at the time of the offense, I am also going to impose a 12 month period of time for [that violation.]" (*Id*.) The trial court's findings were then incorporated into its judgment entries on the matter. The judgment entry explicitly mirrored the proper findings required under R.C. 2929.14(C)(4).

{¶16} On appeal, Coykendall argues that the preceding statements at the sentencing *hearing* were insufficient to constitute the findings required to impose consecutive sentences under R.C. 2929.14(C)(4). Importantly, however, while we have often stated that the precise words of the statute are preferred as the better practice, a trial court is not "required to give a talismanic incantation of the words

of [R.C. 2929.14(C)(4)], provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

{¶17} While the trial court's language did not explicitly mirror R.C. 2929.14(C)(4) at the sentencing hearing, the trial court's findings at the hearing in this case are sufficient to invoke consecutive sentences in this matter. The trial court's indication that it could not impose a concurrent sentence, and that a prison term was warranted in *each* case indicates the need to punish Coykendall. The trial court's statement that a concurrent sentence would demean the seriousness of the offense in each case indicates that consecutive sentences were not disproportionate to Coykendall's conduct and the danger he posed to the public. Furthermore, the trial court specifically found that Coykendall was on post-release control at the time he committed the offenses, invoking R.C. 2929.14(C)(4)(a). In addition, the trial court emphasized that the two offenses were committed a month apart, against different, vulnerable victims, indicating multiple courses of conduct pursuant to R.C. 2929.14(C)(4)(b). Finally, the trial court repeatedly emphasized Coykendall's "abysmal" criminal record, implicating R.C. 2929.14(C)(4)(c). Based on the findings of the trial court we cannot find that Coykendall has demonstrated by clear and convincing evidence that consecutive sentences were improperly imposed at the sentencing hearing. The findings were then explicitly and directly made pursuant

to the exact wording of the statute in the trial court's entries. Thus his arguments regarding the imposition of consecutive sentences are not well-taken.

{¶18} Next, Coykendall argues that even if the trial court made the proper consecutive sentence findings, they were unsupported by the record. Contrary to Coykendall's argument on appeal, a trial court has no obligation to state its *specific* reasons to support its consecutive sentencing findings under R.C. 2929.14(C)(4). *State v. Oliver*, 3d Dist. Union No. 14-20-23, 2021-Ohio-1002, ¶ 18, citing *Bonnell* at ¶ 37. Nevertheless, even if specific reasoning was required, consecutive sentences were supported by all the reasons stated by the trial court at the sentencing hearing, including Coykendall's criminal history, the number of crimes and victims, and his status on post-release control. For all of these reasons, Coykendall's first assignment of error is overruled.[3]

*Second Assignment of Error*

{¶19} In his second assignment of error, Coykendall argues that the sentencing structure created by the Reagan Tokes Law violates the separation of powers and it is therefore unconstitutional.

---

[3] Coykendall seems to be primarily disgruntled with the trial court's deviation from the joint sentencing recommendation. However, the written plea agreements specifically provided the maximum possible sentences and emphasized that the trial court was not bound by the joint sentencing recommendation. Further, defense counsel again noted at sentencing that Coykendall could be sentenced for much longer than the joint sentencing recommendation. Thus while Coykendall may not have been happy with his consecutive sentences, he was aware of the possibility.

Analysis

**{¶20}** The challenge raised by Coykendall in this case has been addressed, and rejected, multiple times by this Court already. *State v. Floyd*, 3d Dist. Marion No. 9-20-44, 2021-Ohio-1935, ¶ 20; *See State v. Crawford,* 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, *¶* 10; *State v. Kepling,* 3d Dist. Hancock No. 5-20-23, 2020-Ohio-6888, *¶* 7.[4] At this juncture, we decline to revisit our precedent and conclude that Coykendall's facial challenge to the Reagan Tokes Law on the basis that it violates the separation of powers doctrine is without merit. For these reasons, Coykendall's second assignment of error is overruled.

*Conclusion*

**{¶21}** For the foregoing reasons Coykendall's assignments of error are overruled and the judgments and sentences of the Marion County Common Pleas Court are affirmed.

***Judgments Affirmed***

**WILLAMOWSKI, P.J. and MILLER, J., concur.**

**/jlr**

---

[4] We are aware that other appellate districts have found that separation of powers and due process arguments similar to those raised by Coykendall in this appeal were not yet ripe for review. *See State v. Ramey*, 4th Dist. Washington Nos. 20CA1, 20CA2, 2020-Ohio-6733, ¶ 22; *State v. Downard*, 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227, ¶ 5, 12-13; *State v. Velliquette*, 6th Dist. Lucas No. L-19-1232, 2020-Ohio-4855, ¶ 30; *State v. Wilburn*, 8th Dist. Cuyahoga No. 109507, 2021-Ohio-578, ¶ 10-18; *State v. Lavean*, 11 Dist. Lake No. 2020-L-045, 2021-Ohio-1456, ¶ 8-12. We are also aware that on December 28, 2020, the Supreme Court of Ohio accepted a case to determine whether the constitutionality of the Reagan Tokes Law is ripe for review. *See State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913. At this time, oral arguments have been held in that case and a decision is forthcoming.