[Cite as *State v. Davis*, 2022-Ohio-1900.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,              CASE NO. 2-21-10

    v.

QUINN DAVID DAVIS,

                                **O P I N I O N**

    DEFENDANT-APPELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2019 CR 0139

**Judgment Affirmed**

**Date of Decision: June 6, 2022**

APPEARANCES:

    *Peter Galyardt* **for Appellant**

    *Edwin A. Pierce* **for Appellee**

**SHAW, J.**

{¶1} Defendant-Appellant, Quinn D. Davis ("Appellant"), brings this appeal from the June 7, 2021 judgment of the Auglaize County Common Pleas Court sentencing him upon his plea of guilty and conviction for two counts of sexual battery and one count of gross sexual imposition. On appeal, Appellant argues that the Reagan Tokes Law (R.C. 2967.271) is unconstitutional, that his trial counsel rendered ineffective assistance of counsel, and that the trial court erred when it sentenced him to consecutive sentences.

*Background*

{¶2} On June 27, 2019, Appellant was indicted on multiple sex offenses against his young daughter, when she was four years old. He appeared before the trial court for arraignment the next day, at which time a not guilty plea was entered on his behalf. The case proceeded with pretrial discovery and various pretrial motions.

{¶3} A change of plea hearing was held on March 31, 2021. Pursuant to plea negotiations with the State, Appellant entered a guilty plea by way of bill of information to three reduced offenses: two counts of sexual battery, in violation of R.C. 2907.03(A)(5), second-degree felonies (Counts One and Two), and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), a third-degree felony (Count Three). In exchange, the State had agreed to dismiss the indictment. The

parties had also agreed that Appellant be designated a Tier III sex offender. The trial court accepted Appellant's plea, found him guilty of the charges, and continued the case for sentencing. The trial court ordered a presentence investigation (PSI) report and a victim impact statement. Upon defense counsel's motion, the trial court also ordered a psychosexual evaluation be completed by Dr. Delong.

{¶4} The sentencing hearing was held on June 4, 2021. The prosecution argued for maximum consecutive sentences to be imposed upon Appellant, noting the age of the victim and that he used his relationship as her father to facilitate the offenses, which occurred on three separate dates. The prosecution also argued that the psychosexual evaluation reflected no showing of remorse or taking full responsibility for the offenses. Appellant's defense counsel countered based upon the evaluation, noting that Appellant was not a high risk to reoffend. Defense counsel also noted Appellant had no criminal history and argued for the imposition of a lesser concurrent sentence of seven or eight years in prison. After reviewing the PSI report, hearing arguments from counsel, Appellant's statements to the court, the victim impact statement, and the psychosexual evaluation report of Dr. Delong, the trial court sentenced Appellant, on Count One, to a mandatory indefinite term of a minimum of eight years imprisonment to a maximum of twelve years; on Count Two to a mandatory eight years to run consecutively; and on Count Three to sixty months to run consecutively with Count One and concurrently with Count Two.

The total stated prison term imposed by the trial court was an aggregate indefinite term of sixteen to twenty years. The trial court also imposed five years of mandatory post-release control and classified Appellant as a Tier III sex offender.

{¶5} It is from this judgment that Appellant appeals, asserting the following assignments of error for our review.

**Assignment of Error No. 1**

**Ohio's sentencing scheme of potentially enhanced penalties for qualifying first- and second-degree felonies as administratively determined by the Department of Rehabilitation and Correction, which was applied to Quinn Davis, is unconstitutional. Sixth and Fourteenth Amendments, United States Constitution; Article I, Sections 5 and 14, Ohio Constitution; *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 39-53. June 7, 2021 Journal Entry, Orders on Sentence, at 2; June 4, 2021 Sentence Tr. 32-43.**

**Assignment of Error No. 2**

**Quinn Davis's trial counsel rendered ineffective assistance of counsel, in violation of his constitutional rights, Sixth and Fourteen Amendments, United States Constitution; Article I, Sections 10 and 16, Ohio Constitution; *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). June 4, 2021 Sentence Tr. 3-43.**

**Assignment of Error No. 3**

**The trial court erred when it sentenced Quinn Davis to consecutive sentences that are not clearly and convincingly supported by the record. R.C. 2929.14(C)(4); R.C. 2953.08. June 7, 2021 Journal Entry, Orders on Sentence, at 2; June 4, 2021 Sentence Tr. 32-43; June 3, 2021 Psychosexual Evaluation, attached to presentence investigation report, at 8, 10.**

*First Assignment of Error*

**{¶6}** Appellant asserts that the sentencing scheme created by the Reagan Tokes Law under which he received an indefinite sentence is unconstitutional.

*Legal Standard*

**{¶7}** Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). An error qualifies as "plain error" only if it is obvious and but for the error, the outcome of the proceeding clearly would have been otherwise. *State v. Barnhart*, 3d Dist. Putnam No. 12-20-08, 2021-Ohio-2874, ¶ 8, citing *State v. Yarbrough*, 95 Ohio St.3d 227, 245, 2002-Ohio-2126, ¶ 32.

*Analysis*

**{¶8}** Appellant did not challenge the constitutionality of the Reagan Tokes Law before the trial court. For this reason, we apply the plain error standard in this case. *Accord Barnhart* at ¶ 8.

**{¶9}** Appellant's challenges do not present a matter of first impression in this Court. Since the indefinite sentencing provisions of the Reagan Tokes Law went into effect in March 2019, we have repeatedly been asked to address the constitutionality of these provisions. We have invariably concluded that the indefinite sentencing provisions of the Reagan Tokes Law do not facially violate the separation-of-powers doctrine or infringe on defendants' due process rights. *E.g.*, *State v. Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, ¶ 10-11; *State*

*v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22; *State v. Wolfe*, 3d Dist. Union No. 14-21-16, 2022-Ohio-96, ¶ 21.

**{¶10}** In this case, Appellant asks us to reconsider our earlier decisions. In recent months, a number of defendants have requested the same of us—requests that we have uniformly rejected. *E.g.*, *State v. Abston*, 3d Dist. Henry No. 7-21-04, 2022-Ohio-884, ¶ 33; *Wolfe* at ¶ 22; *Barnhart* at ¶ 12-15; *State v. Mitchell*, 3d Dist. Allen No. 1-21-02, 2021-Ohio-2802, ¶ 17; *State v. Rodriguez*, 3d Dist. Seneca No. 13-20-07, 2021-Ohio-2295, ¶ 15. As Appellant has not presented us with any compelling reason to depart from our earlier precedent on facial challenges to Reagan Tokes, we once again decline to do so.

**{¶11}** Appellant also challenges Reagan Tokes as applied to him, contending that Reagan Tokes violates his constitutional right to a trial by jury. In the past, we have held that certain as applied challenges to Reagan Tokes were not ripe for review. *See*, *e.g.*, *State v. Kepling*, 3d Dist. Hancock No. 5-20-23, 2020-Ohio-6888, ¶ 11. However, the Supreme Court of Ohio recently released *State v. Maddox*, --- Ohio St.3d ---, 2022-Ohio-764, and determined that constitutional challenges to Reagan Tokes are ripe for review. Based on the holding in *Maddox*, we will address the constitutional issues under Reagan Tokes related to a jury trial.

**{¶12}** In reviewing the matter, we emphasize that statutes are presumed constitutional, and it is Appellant's burden to demonstrate that the statute at issue is

unconstitutional. *State v. Thompkins*, 75 Ohio St.3d 558, 1996-Ohio-264. Appellant has presented no compelling authority undermining the constitutionality of Reagan Tokes.

{¶13} Notwithstanding this point, numerous Ohio Appellate Courts have already rejected challenges similar to Appellant's. *State v. Rogers*, 12th Dist. Butler No. CA2021-02-010, 2021-Ohio-3282, ¶ 18; *State v. Thompson*, 2d Dist. Clark No. 2020-CA-60, 2021-Ohio-4027, ¶ 25; *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, ¶ 46 (en banc). We agree with the reasoning expressed by the other Ohio Appellate Courts cited herein and determine that Appellant's "as applied" challenge in this case is unavailing.

{¶14} Accordingly, for all of these reasons, Appellant has not established plain error. Thus, his first assignment of error is overruled.

*Second Assignment of Error*

{¶15} In his second assignment of error, Appellant argues that his trial counsel rendered ineffective assistance by failing to challenge the constitutionality of the Reagan Tokes Law.

*Legal Standard*

{¶16} "In order to prove an ineffective assistance of counsel claim, the appellant must carry the burden of establishing (1) that his or her counsel's performance was deficient and (2) that this deficient performance prejudiced the defendant." *State v. McWay*, 3d Dist. Allen No. 1-17-42, 2018-Ohio-3618, ¶ 24,

citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

*Analysis*

**{¶17}** Having examined the constitutional arguments that trial counsel was arguably ineffective for failing to raise, we concluded that Appellant did not identify any defects in the proceedings before the trial court. Therefore, Appellant "cannot demonstrate how the outcome of the proceedings below would have been different 'if his defense counsel had raised * * * challenge[s] before the trial court that ha[ve] since failed on appeal.'" *Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, at ¶ 21, quoting *State v. Lewis*, 3d Dist. Van Wert No. 15-20-04, 2020-Ohio-6894, ¶ 86. For this reason, he cannot carry the burden under *Strickland* of demonstrating prejudice. *See Barnhart,* 3d Dist. Putnam No. 12-20-08, 2021-Ohio-2874, at ¶ 19. Appellant has not established ineffective assistance of trial counsel and his second assignment of error is overruled.

*Third Assignment of Error*

**{¶18}** In his third assignment of error, Appellant asserts that his consecutive sentences are not clearly and convincingly supported by the record.[1]

---

[1] It is the burden of Appellant to show by clear and convincing evidence that his consecutive sentences are not supported by the record.

*Legal Standard*

**{¶19}** Under R.C. 2953.08(G)(2), an appellate court will vacate and remand a trial court's imposition of consecutive sentences only if it clearly and convincingly finds that "the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, or * * * "[t]hat the sentence is otherwise contrary to law." *Accord State v. Coykendall*, 3d Dist. Marion No. 9-20-24, 2021-Ohio-3875, ¶ 9-10. Clear and convincing evidence is that " 'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶20}** Pursuant to R.C. 2929.14(C)(4), in order to impose consecutive sentences, a trial court must find on the record that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Coykendall* at ¶ 10, citing *accord State v. Grate*, 164 Ohio St.3d 9, 2020-Ohio-5584, ¶ 205. A trial court must then also find any of the factors in R.C. 2929.14(C)(4)(a) - (c) are present and, in this case, the trial court found (b) factor present, "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual

that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."

**{¶21}** In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37, the Supreme Court of Ohio held that a trial court is required to make the requisite statutory findings before imposing consecutive sentences "at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *See Coykendall* at ¶ 18.

*Analysis*

**{¶22}** In this case, the trial court found that consecutive sentences were necessary to protect the public from future crime and to punish the offender, and that consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender posed to the public. (Sentencing Tr. at 34; June 7, 2021 Journal Entry-Orders on Sentence at 2).

**{¶23}** Here, Appellant argues that because the tests administered during the psychosexual evaluation showed that he is "within acceptable limits" in terms of his sexual characteristics and, at worst, a low-moderate risk to offend, the trial court's findings that consecutive sentences were "necessary to protect the public" and "not disproportionate to the danger [Appellant] poses to the public" are not clearly and convincingly supported by the record. (Appellant's Brief at 12-13). *See* fn. 1.

**{¶24}** The record shows, however, the trial court recited at the sentencing that the psychosexual evaluation also reported Appellant's " 'level and degree of

emotional immaturity and neediness along with a general sense of poor judgment would seem to affect his interests and choices of sexual partners. His victimstance would tend to keep him from accepting responsibility as well as growing up emotionally.' " (Sentencing Tr. at 29-30). The evaluation further recited " '[h]is lack of insight or inability to acknowledge all the behaviors which precede his acting out of defiant sexual behavior * * * would further denote his level, degree, and use of cognitive distortions.' " *Id.* at 30.

{¶25} In *State v. Kiefer*, 6th Dist. Ottawa No. OT-21-005, 2021-Ohio-3059, ¶ 18, the Sixth District Court of Appeals described the analysis for a determination of whether consecutive sentences are not disproportionate to the danger the offender poses to the public:

> **There are no specific factors the trial court must consider to determine whether consecutive sentences are disproportionate to [the danger the offender poses to the public].** *Mitchell* **[8th District Cuyahoga No. 105053, 2017-Ohio-6888] at ¶ 13. Therefore, while the trial court's consideration of whether the offender is likely to recidivate may show the danger the offender poses to the public, R.C. 2929.14(C) requires the trial court to find that consecutive sentences are not disproportionate to that danger, whatever it may be.** *State v. Castle***, 2d Dist. Champaign No. 02CA09, 2003-Ohio-45, ¶ 38, reversed on other grounds in** *State v. Foster***, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. [Appellant], then, must show through clear and convincing evidence that the trial court erred in finding that the consecutive [sentences] were not disproportionate to the danger he posed to the public, not that he had a low risk of committing future offenses.**

{¶26} Further, the record shows that Appellant entered a guilty plea to three sex offenses against his young daughter. The trial court specifically noted this victim's young age at the time of Appellant's offenses warranted consideration for consecutive sentences. The trial court also found that he showed no genuine remorse.

{¶27} Based on this record, we find that Appellant does not identify clear and convincing evidence in the record to establish that the trial court's findings that consecutive sentences were necessary to protect the public and not disproportionate to the danger posed to the public, were unsupported by the record.

{¶28} Appellant's third assignment of error is overruled.

{¶29} Based on the foregoing, the judgment of the Auglaize County Common Pleas Court is affirmed.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**