[Cite as *State v. Hartline*, 2022-Ohio-2997.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,          CASE NO. 8-21-13

      v.

BRITTANY M. HARTLINE,          O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,          CASE NO. 8-21-14

      v.

BRITTANY M. HARTLINE,          O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Logan County Common Pleas Court**
**Trial Court Nos. CR 15 10 0260 and CR 20 09 0206**

**Judgments Affirmed**

**Date of Decision: August 29, 2022**

APPEARANCES:

    *William T. Cramer* **for Appellant**

    *Sarah J. Warren* **for Appellee**

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Brittany M. Hartline ("Hartline"), appeals the April 7, 2021 judgment entries of sentencing of the Logan County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On October 13, 2015, the Logan County Grand Jury indicted Hartline in case number CR 15 10 0260 (hereinafter "2015 case") on two criminal charges: Count One for robbery in violation of R.C. 2911.02(A)(2), a second-degree felony and Count Two for assault in violation of R.C. 2903.13(A), a first-degree misdemeanor. On February 22, 2016, Hartline withdrew her previously tendered not-guilty plea and entered a guilty plea to Count One in exchange for the State's dismissal of Count Two under a negotiated-plea agreement. Additionally, the State agreed to recommend a four-year prison term and not to oppose judicial release (after one year) to West Central Community Correctional Facility, a community-based correctional facility, ("CBCF"). On May 9, 2016, the trial court adopted the parties' joint-sentencing recommendation in its entirety and imposed a four-year prison term consistent with that recommendation.

{¶3} On June 28, 2017, the trial court suspended the remainder of Hartline's sentence and granted her request for judicial release. Then, the trial court placed Hartline on five years of community control subject to specific sanctions and

conditions that included the successful completion of a 6-month residential program at a CBCF.

**{¶4}** On November 29, 2017, the State filed a motion in the trial court seeking to revoke Hartline's community control.[1] Ultimately, at the revocation hearing held on December 15, 2017, Hartline admitted she violated the terms and conditions of community control. Thereafter, the trial court ordered the continuation of her suspended sentence and ordered specific sanctions and community control conditions including a recommitment to CBCF. Hartline was released from her commitment, successfully, in July 2018, and continued on community control under the judicial-release orders.

**{¶5}** On August 5, 2019, the State filed a second motion to revoke Hartline's community control. On November 5, 2019, Hartline waived her evidentiary hearing, and admitted she violated the terms and conditions of community control. The trial court continued its prior orders suspending Hartline's sentence and ordered her to serve 95 days in the Logan County Jail.

**{¶6}** On September 8, 2020, in case number CR 20 09 0206 (hereinafter "2020 case"), the Logan County Grand Jury indicted Hartline for aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(c), a second-degree

---

[1] On November 20, 2017, Hartline was unsuccessfully terminated from the CBCF.

felony. Hartline was arraigned on September 11, 2020 and entered a plea of not guilty.

**{¶7}** On September 17, 2020, the State filed a third motion to revoke Hartline's community control for violating conditions imposed by the trial court.

**{¶8}** On March 3, 2021, the trial court held a change-of-plea hearing (in Hartline's 2020 case) wherein she withdrew her not-guilty plea and entered a guilty plea (to aggravated possession of drugs) pursuant to a negotiated-plea agreement. The plea agreement included a joint-sentencing recommendation that Hartline receive a four-year prison term (in her 2020 case) to be run concurrently to her 2015 case. (Case No. CR 20 09 0206, Doc. No. 49).

**{¶9}** Following the change-of-plea hearing, the trial court convened Hartline's revocation hearing (in her 2015 case) where she waived an evidentiary hearing and entered an admission acknowledging the violations of community control.[2] The trial court then scheduled Hartline's 2015 and 2020 cases for sentencing on April 6, 2021.

**{¶10}** At her sentencing hearing, the trial court revoked Hartline's community control (in her 2015 case) and sentenced her to a four-year mandatory stated prison term for the aggravated-robbery charge. (Case No. CR 15 10 0260, Doc. No. 116). Then, the trial court sentenced Hartline (in her 2020 case) to serve

---

[2] The trial court determined that these violations were non-technical violations.

a mandatory indefinite prison term with a four-year minimum prison term and a maximum prison term of six years for the aggravated-possession-of-drugs charge. (Case No. CR 20 09 0206, Doc. No. 60). The trial court ordered the prison terms imposed in Hartline's cases to be run concurrently to one another. (*Id.*). Both judgment entries were filed on April 7, 2021.

{¶11} Hartline filed timely notices of appeal, which we consolidated for review. Initially, Hartline's appellate counsel filed his merit brief and a motion for leave to file withdraw from representation pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). However, after identifying an arguable issue, we granted Hartline's former appellate counsel leave to withdraw and permitted the trial court to appoint new appellate counsel. Hartline sets forth a single assignment of error for our review.

## Assignment of Error

**Indefinite prison terms imposed under the Reagan Tokes Law violate the jury trial guarantee, the doctrine of separation of powers, and due process principles under the federal and state constitutions.**

{¶12} In her assignment of error, Hartline asserts that her sentence is contrary to law. Specifically, she argues that the trial court erred in sentencing her under the Reagan Tokes Law because it violates her rights to a trial by jury and due process of law as well as the separation-of-powers doctrine.

*Standard of Review*

**{¶13}** Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶14}** Before we begin, we must address a jurisdictional question. Here, the trial court adopted the parties' joint-sentencing recommendation in its entirety and without deviation. Typically, a joint sentencing recommendation that is adopted by the trial court limits our jurisdiction to hear an appeal of a sentence. *See* R.C. 2953.08(D)(1); *State v. Noling*, 136 Ohio St.3 1636, 2013-Ohio-1764, ¶ 22 (recognizing an example of a statutory limitation on the court of appeals' jurisdiction to hear an appeal); and *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, ¶ 9 and fn. 1 (stating "[o]nly the legislature may grant or divest the court of appeals of that jurisdiction" and recognizing R.C. 2953.08(D)(1) and *Noling*).

{¶15} However, the Supreme Court of Ohio has held that constitutional challenges are not within the scope of R.C. 2953.08, and thus, R.C. 2953.08 is not the only basis for appealing a sentence and it "does not preclude an appeal of a sentence on constitutional grounds". *State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, ¶ 1, citing R.C. 2953.08(D)(3). Hence, R.C. 2953.08(D)(1), *Noling*, and *Gwynne* are not controlling as to our determination of the issues presented.

{¶16} Because we have concluded that Hartline's constitutional challenge to her sentence is not barred by R.C. 2953.08(D)(1), we now turn to the record to determine if Hartline raised her constitutional arguments in the trial court and the appropriate standard of review.

{¶17} Notably, Hartline failed to object to the constitutionality of the Reagan Tokes Law in the trial court. "The '[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.'" *State v. Barnhart*, 3d Dist. Putnam No. 12-20-08, 2021-Ohio-2874, ¶ 7, quoting *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus. "However, we retain the discretion to consider a waived constitutional argument under a plain-error analysis." *Id.* at ¶ 8. "An error qualifies as 'plain error' only if it is obvious and but for the error, the outcome of the proceeding clearly would have been otherwise." *Id.* In this case,

we elect to exercise our discretion to review Hartline's constitutional arguments for plain error. *See id.* at ¶ 8, 15 (reviewing "waived" challenge to the constitutionality of the Reagan Tokes Law for plain error).

{¶18} Here, Hartline's challenges do not present a matter of first impression to this court. Since the indefinite-sentencing provisions of the Reagan Tokes Law went into effect in March 2019, we have repeatedly been asked to address the constitutionality of these provisions. We have invariably concluded that the indefinite-sentencing provisions of the Reagan Tokes Law do not facially violate the separation of powers doctrine, infringe on defendants' due process rights, or violate the right to a trial by jury. *E.g.*, *State v. Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, ¶ 10-11; *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22; *State v. Wolfe*, 3d Dist. Union No. 14-21-16, 2022-Ohio-96, ¶ 21.

{¶19} In this case, Hartline asks us to reconsider our earlier decisions. In recent months, a number of defendants have requested the same of us—requests that we have uniformly rejected. *E.g.*, *State v. Abston*, 3d Dist. Henry No. 7-21-04, 2022-Ohio-884, ¶ 33; *Wolfe* at ¶ 22; *Barnhart* at ¶ 12-15; *State v. Mitchell*, 3d Dist. Allen No. 1-21-02, 2021-Ohio-2802, ¶ 17; *State v. Rodriguez*, 3d Dist. Seneca No. 13-20-07, 2021-Ohio-2295, ¶ 15. As Hartline has not presented us with any compelling reason to depart from our earlier precedent on facial challenges to the indefinite-sentencing provisions of the Reagan Tokes Law, we decline to do so.

**{¶20}** Hartline also challenges the indefinite-sentencing provisions of the Reagan Tokes Law as applied to her, contending that they violate her constitutional right to due process and trial by jury. In the past, we have held that certain "as-applied" challenges to these provisions were not ripe for review. *See*, *e.g.*, *State v. Kepling*, 3d Dist. Hancock No. 5-20-23, 2020-Ohio-6888, ¶ 11. However, the Supreme Court of Ohio recently decided *State v. Maddox*, ___ Ohio St.3d ___, 2022-Ohio-764, and determined that constitutional challenges to the indefinite-sentencing provisions of the Reagan Tokes Law are ripe for review. Based upon the holding in *Maddox*, we will address Hartline's argument that the indefinite-sentencing provisions of the Reagan Tokes Law violate her right to a jury trial and due process.

**{¶21}** In reviewing the matter, we emphasize that statutes are presumed constitutional, and it is Hartline's burden to demonstrate that the statute at issue is unconstitutional. *State v. Thompkins*, 75 Ohio St.3d 558, 560, 1996-Ohio-264. Hartline has presented no compelling authority undermining the constitutionality of the indefinite-sentencing provisions of the Reagan Tokes Law.

**{¶22}** Notwithstanding this point, numerous Ohio courts of appeals have already rejected challenges similar to Hartlines. *State v. Suder*, 12th Dist. Clermont Nos. CA2020-06-034 and CA2020-06-035, 2021-Ohio-465, ¶ 25; *State v. Rogers*, 12th Dist. Butler No. CA2021-02-010, 2021-Ohio-3282, ¶ 18; *State v. Thompson*,

2d Dist. Clark No. 2020-CA-60, 2021-Ohio-4027, ¶ 25; *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, ¶ 46 (en banc). We agree with the reasoning expressed by these courts and determine that Hartline's "as-applied" challenges regarding the jury trial and due process issues are unavailing.

**{¶23}** In sum, we conclude that the indefiniteness of Hartline's sentence does not render her sentence contrary to law. Thus, Hartline's sole assignment of error is overruled.

**{¶24}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgments of the trial court.

*Judgments Affirmed*

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**