[Cite as *State v. Foster*, 2023-Ohio-1615.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                    CASE NO. 1-22-64

    v.

LEROY D. FOSTER,                        O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2021 0207

**Judgment Affirmed**

Date of Decision: May 15, 2023

APPEARANCES:

    *Chima R. Ekeh* for Appellant

    *John R. Willamowski, Jr.* for Appellee

Case No. 1-22-64

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Leroy D. Foster ("Foster"), appeals the October 3, 2022 judgment entry of sentencing of the Allen County Court of Common Pleas. We affirm.

{¶2} On June 17, 2021, the Allen County Grand Jury indicted Foster for felonious assault in violation of R.C. 2903.11(A)(2), (D)(1)(a), a second-degree felony along with a firearm specification and a repeat-violent-offender ("RVO") specification. On June 23, 2021, Foster filed a written plea of not guilty.

{¶3} On August 23, 2022, Foster withdrew his plea of not guilty and entered a guilty plea, under a negotiated-plea agreement, to felonious assault with a three-year firearm specification. In exchange, the State agreed to recommend dismissal of the RVO specification. The trial court accepted Foster's guilty plea, found him guilty of felonious assault with a three-year firearm specification and dismissed the RVO specification. That negotiated-plea agreement also included a joint-sentencing recommendation under R.C. 2953.08(D)(1) wherein the parties jointly recommended and stipulated to a three-year mandatory prison term as to the firearm specification to be served prior to and consecutively to the a three-year minimum prison term for felonious assault.[1] Further, the sentence included "No PRC tack on time". (Doc. No. 147).

---

[1] Foster was on postrelease control ("PRC") at the time of the sentencing hearing and had three years remaining on PRC.

{¶4} On October 3, 2022, the trial court sentenced Foster to an indefinite sentence of a minimum of three years to a maximum of four and one-half years in prison for felonious assault and to a three-year mandatory prison term for the firearm specification. Thereafter, the trial court ordered that Foster serve the sentence for the mandatory firearm specification first followed by the indefinite sentence imposed for the felonious assault for an aggregate minimum term of six years and a maximum term of seven and one-half years.

{¶5} Foster filed a timely appeal on October 31, 2022, and raises three assignments of error for our review, which we will review together.

### First Assignment of Error

**Foster's Indefinite Sentence Pursuant To R.C. 2967.271 (The Reagan Tokes Law) Violates The Right To A Jury Trial As Protected By The Sixth Amendment [sic] Of The United States Constitution, And Article I, Section 5 Of The Ohio Constitution. (Sentencing Tr. Pg. 11-120) [sic]**

### Second Assignment of Error

**R.C. 2967.271 (The Reagan Tokes Law) Unconstitutionally Violates The Separation Of Powers Doctrine Of The United States And Ohio Constitution. (Sentencing Tr. Pg. 11-12) [sic]**

### Third Assignment of Error

**R.C. 2967.271 (The Reagan Tokes Law) Violates The Right To Due Process Under The Fourteenth Amendment [sic] Of The United States Coonstitution [sic], And Article 1, Section 16, Of The Ohio Constitution. (Sentencing Tr. Pg. 11-12) [sic]**

**{¶6}** In his assignments of error, Foster argues that the indefinite sentence of incarceration imposed for the felonious assault pursuant to the Reagan Tokes Law is unconstitutional. Specifically, Foster asserts that these provisions violate the separation-of-powers doctrine, infringe on his right to due process, and violate his right to a jury trial.

**{¶7}** Before we begin, we must address a jurisdictional question. Here, the trial court adopted the parties' joint-sentencing recommendation in its entirety and without deviation. In his assignments of error, Foster challenges the constitutionality of the Reagan Tokes Law. Even though R.C. 2953.08(D)(1) precludes review of agreed sentences, the Supreme Court of Ohio has held that constitutional challenges are not within the scope of R.C. 2953.08, and thus, the statute "does not preclude an appeal of a sentence on constitutional grounds." *State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, ¶ 22. Because Foster's constitutional challenge to his sentence is not barred by R.C. 2953.08(D)(1), we may consider his argument with respect to the constitutionality of the Reagan Tokes Law. *State v. Hartline*, 3d Dist. Logan Nos. 8-21-13 and 8-21-14, 2022-Ohio-2997, ¶ 16

**{¶8}** Nevertheless, as this Court has noted in *State v. Ball*, 3d Dist. Allen No. 1-21-16, 2022-Ohio-1549, challenges to the Reagan Tokes Law do not present a matter of first impression to this Court. *Ball* at ¶ 59. "Since the indefinite sentencing

provisions of the Reagan Tokes Law went into effect in March 2019, we have repeatedly been asked to address the constitutionality of these provisions. We have invariably concluded that the indefinite sentencing provisions of the Reagan Tokes Law do not facially violate the separation-of-powers doctrine or infringe on defendants' due process rights." *Id.*, citing e.g., *State v. Crawford*, 3d Dist. Henry No. 7-20-05, 2021-Ohio-547, ¶ 10-11; *State v. Hacker*, 3d Dist. Logan No. 8-20-01, 2020-Ohio-5048, ¶ 22; *State v. Wolfe*, 3d Dist. Union No. 14-21-16, 2022-Ohio-96, ¶ 21. Further, for the reasons stated in *Ball*, the remaining constitutional issue under Reagan Tokes related to a jury trial is also unavailing. *Id.* at ¶ 61-63. Thus, on the basis of *Ball* and our prior precedent, we find no merit to Foster's arguments.

{¶9} Accordingly, Foster's first, second, and third assignments of error are overruled.

{¶10} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER, P.J. and EPLEY, J., concur.**

**/jlr**

**\*\* Judge Christopher B. Epley of the Second District Court of Appeals, sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.**